IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 AUG 17  A 9: 15

JAMES OTIS CATER

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL NO. 2:07cv739 - MEF
(to be assigned)

V.

DARLENE DREW, Warden, FPC Montgomery,

CRIMINAL NO. 92-00133
U.S. District Court
S.D. of Alabama

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Comes now, James Otis Cater, pro se petitioner, and moves the Court pursuant to 28 U.S.C. § 2241 for writ of habeas corpus, directing the respondents herein to grant him credit for time served in "official dentention" prior to the imposition of his federal sentence. And in support thereof, the petitioner shows and alleges the following:

### FACTUAL BACKGROUND AS RELATED TO THE CURRENT ISSUE

1. In September, 1990, the petitioner pled guilty pursuant to a state indictment, in the Circuit Court of Morgan County, Alabama for unlawful possession of a controlled substance (cocaine) in violation of Section 13A-12-212 of the code of Alabama, and was subsequent sentenced to 5-years in state prison.

2. On August 26, 1992, a federal grand jury in the Southern District of Alabama return a true bill charging petitioner with Conspiracy to Possess With Intent to Distribute Cocaine in violation of 21 U.S.C. § 846. Petitioner was found guilty by a jury March 19, 1993, and sentenced on June 15, 1993 to a term of 300-

months in federal prison. This sentence was later reduced to 240-months in wake of Amendment 505 to the Sentencing Guidelines which lowered petitioner's base offense level of 40 to a level 38, thereby exposing him, with a criminal history 1, to 235 to 293 months, within that range, the Court lowered his seitence to 240 months of imprisonment. (See ex. B)

3. In response to petitioners May 2, 2000 and May 17, 2000, letters to the Probation Office, in the Southern District of Alabama, he received a letter confirming his position, in that the court determined that his state offense (as set-out in ¶48 in the PSI) was related to the federal offense. (See ex. C)

4. As a result of the Probation Officer's contact with petitioner's case manager at FCI Mariana, Florida, on April 10, 2001, petitioner was granted a nunc pro tunc designation by the Southeast Regional Office calculating his sentence to begin on June 15, 1993, the date the federal sentence was imposed. Petitioner is currently seeking, at a minimum, the 18-months served in state prison (official custody) prior to the June 15, 1993 imposition of his federal sentence.

5. Petitioner alternatively, requested relief from the BOP Officials on the premise, it is gereral policy of the government that several offenses arising out of a single transaction should be alleged and tried together ans should not be made the basis of multiple prosecution. In the instant case, the U.S. Attorney for the Southern District "self authorization" (absent DOJ approval) to initiate federal prosecution in this case contravened it own policy. However, in exhausting his administrative remedies, BOP

Officials failed to address this issue. **(See Ex. B)**

6. The petitioner thoroughly exhausted his administrative remedies. (See ex. **D** )

## JURISDICTION

7. A claim for credit for time served is brought under 28 U.S.C. § 2241 after exhaustion of administrative remedies. U.S v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); see also U.S. v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000).

## ARGUMENT

### I. Issue

WHETHER PETITIONER'S CURRENT FEDERAL CUSTODY
RUN AFOUL OF THE DEPARTMENT OF JUSTICE PETITE POLICY?

8. As noted earlier, Cater was convicted in the Circuit Court of Morgan County, Alabama for Unlawful Possession of a Controlled Substance in violation of Section 13A-12-212 of the Code of Alabama prior to his subsequent conviction and sentence in federal court for Conspiracy to Possess With Intent to Distribute Cocaine in violation of 21 U.S.C. § 846. The Court "determined that paragraph 48 (PSI reference to state case) was related to the federal offense.."

9. The United States Attorneys' Manual § 9-2.031 (Sept.1997); Petite v. United States, 361 U.S. 529 (1960). [Cases: Criminal Law Key 29. C.J.S. Criminal Law § 14; Larceny §§ 53-54] and other codes and ruled prescribe/require prior approval of the appropriate Assistant Attorney General before initiation of a federal prosecution following a state prosecution for the same act/episode which was the subject of previous state prosecution. See Rinaldi

<u>v United States</u>, 434 U.S. 22, 28-29 (1977)(citation omitted). In constitutional fairness, in the case at bar, the judgment is void in case number 92-00133 against the petitioner because jurisdiction never attached in the case absent approval of the Assistant Attorney General. The petitioner herein request relief on the basis set forth herein.

10. This executive policy-(Petite policy) serves to protect interest which, but for the 'dual sovereignty' principle inherent in our federal system, would be embraced by the Double Jeopardy Clause. For the foregoing reasons and exhibits attached hereto, the reasons, and regardless of the procedural barriers that may exhist, the bottom line must be driven by fair play and simply doing what is right.

11. In the interest of justice and equity, Cater's case should compel this Court to do that which ought to be done. This Court should not be guided by what did or did not occur in an earlier court. As such, this Court must grant Cater's request for habeas corpus relief, grant him the relief sought and any/all other relief the Court deem necessary or appropriate to correct an otherwise miscarriage of justice.

## II. Issue

**Whether 18 U.S.C. § 3585(b)(2) Prohibit BOP From
Crediting 18-Months Toward His Current Sentence
For Time Served In State Prison On Related Offense?**

12. In denying petitioner's appeal of his administrative remedies, Harrell Watts, Administrator National Inmate Appeals adopted the response of the Warden at FPC Montgomery (Drew) which in relevant part states:

- 4 -

"A Nunc Pro Tunc designation was granted April 10, 2001, by the Regional Director, and your sentence began the date it was imposed (June 15, 1993) rather than when you came into federal custody for service of your federal sentence."

13. Warden Drew's above remarks fails to address the issue at hand. Petitioner is seeking a minimum of 18-months he served in state prison resulting from his guilty plea on the substantive offense which later formed the basis for the federal prosecution credited toward his federal sentence. It was not only determined by the district court and the Probation Officer that Cater's state offense was related to the current federal offense, the same was evidenced during the course of trial. All of which contradicts Warden Drew's assertion, quoting in relevant part 18 U.S.C. § 3585(b)(2) ("A defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences; ... as a result of any other charge which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has been credited against another sentence."**

14. The respondents are stuck on the fact, that since petitioner was prosecuted in state court earlier (the same prosecution which formed the basis for the federal prosecution), somehow, the state sentence is the product of an entirely different episode/act, which is an inaccurate asumption. As noted earlier, the <u>Petite policy</u>, along with the U.S. Attorneys' Manual § 9-2.031 (Sept. 1997), was put into place to avoid double prosecution for same act/episode. This Executive policy serves to protect interest which, but for the dual sovereignty principle inherent in our federal system, would be embraced by the Double Jeopardy Clause (in this case, double punishment). See <u>Rinaldi v. U.S.</u>, 434 U.S. 22, 24-29.

- 5 -

15. Credit for time served in "official dentention" is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b). See U.S. v. Wilson 503 U.S. 329, 332-336 (1992).

16. In the case at bar, the BOP officials has erroneously suggested that the credit Cater currently seeks cannot be granted because the said 18-months has been credited against another sentence. For example: The Eighth Circuit confronted precisely this same issue in U.S. v. Kiefer, 20 F.3d 874 (8th Cir. 1994), and its reasoning is persuasive. The Kiefer court began byrecognizing that, in certain circumstances, time served prior to sentencing can reduce the ultimate sentence. A defendant who has spent time in "official detention" prior to the commencement of a 924(e)(1) mandatory minimum sentence may obtain a sentence credit for timr served, pursuant to 18 U.S.C. § 3585(b). This suggests that "in appropriate circumstances time served in custody prior to the commencement of the mandatory minimum sentence is time "imprisoned" for purpose of § 924(e)(1). Id. Kiefer at 876.

17. **Is time served in state prison on a separate, albiet related, offense such an "appropriate" circumstance?** As the Kiefer court recognized, § 924(e)(1) was enacted after the Sentencing Reform Act, 18 U.S.C. § 3551 et seq. Under the terms of the Act, the district court must exercise its discretion to determine whether the sentence ultimately imposed should be concurrent or consecutive to an undischarged term of imprisonment. See 18 U.S.C. § 3584. In determining whether to impose a concurrent or consecutive term, 18 U.S.C. § 3584(b) directs the sentencing court to consider, among other factors, "the kind of sentence ... set

- 6 -

forth in the guidelines." 18 U.S.C. § 3553(a)(4). Thus, to impliment section 924(e)(1) properly, sentencing courts must incoperate the Sentencing Guidelines into the ultimate sentence imposed. <u>Kiefer</u>, at 876.

18. In order to harmonize the statutory mandatory minimum with the remainder of the sentencing scheme, 18 U.S.C. § 3585(b)(2) must be construed to require BOP officials to credit Cater with time served in state prison. To hold otherwise would "frustrate the concurrent sentencing principles mandated by other statutes." See <u>Kiefer</u> at 877.

19. Wherefore, for the foregoing reasons the Court is urged to grant Cater, with respect to issue I (one), immediate release from his unlawful imprisonment; alternatively, direct the BOP officials at FPC Montgomery to grant credit for time served in state prison pursuant to 18 U.S.C. § 3585.

Respectfully submitted

Signed pursuant to 28 U.S.C. § 1746 under penalty of perjury

8/15/07

James Otis Cater # 04999-003
FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

- 7 -

James Carter #04747-095
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

United States District
Court — Middle District of Ala.
P.O. Box 711
Montgomery, AL



# EXHIBITS

INDICTMENT     52-02-10

# The State of Alabama }
## MORGAN COUNTY

CIRCUIT COURT

............January............................ Term, 19 88

The Grand Jury of said County charge that before the finding of this indictment

James Otis Cater, whose name is to the Grand Jury otherwise unknown,

did unlawfully possess on to-wit: October 28, 1987 at or near

Decatur, Morgan County, Alabama, a quantity of Cocaine, in violation

of Section 13A-12-212 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

Bob Burrell
District Attorney Eighth Judicial Circuit

 (Ex. A)

CR-03

# CERTIFICATE OF INMATE STATUS

RE:  CATER, James Otis                                                                165506
                                                                                      Number

Limestone Correctional Center    *Baldwin Co Jail*    Capshaw, AL
            Institution                 Inmate                    Location

The (custodial authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held ___5 Yrs___

2. The time already served _____11 Months 24 Days_____

3. Time remaining to be served on the sentence ___9 Months 17 Days___

4. The amount of good time earned ___1 Yr 2 Months 15 Days___

5. The date of parole eligibility of the prisoner _____NA_____

6. The decisions of the Board of Parole relating to the prisoner (if additional space is needed use reverse side) _____

_____NA_____

7. Maximum expiration date under present sentence ___12-12-96___

8. Detainers currently on file against this inmate from your county are as follows:

    Temporary Hold- FBI Northern District

_____

_____

_____

_____

_____

_____

_____

_____

_____


Dated __12-8-92__                          *Betty H. Teague*
                                                        Custodial Authority
                                           **Betty H. Teague, Director**
                                    BY: _____
                                                 Warden—Superintendent—Director
        (EX. A)                            **Central Records Office**

FILED IN OPEN COURT

AUG 26 1992

JOHN V. O'BRIEN
CLERK

DAG:gjp

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

vs.

ELLIS WILLIAMS,
   aka ROBERT JOHNSON,
   aka ELLIS JOHN WILLIAMS,
ALEXANDRO B. JEREZ,
CLINTON DAVID PRAYER,
RICKY CARTER JOHNSON,
MARIA JEREZ,
TIMOTHY DWAYNE DIXON,
GUILLERMO REYES,
   aka SWEET DADDY WILLIAMS,
   aka SWEET WILLIAM,
   aka ACERE,
ALEX McMILLIAN,
   aka MEAT,
RODNEY MAURICE TOOMER,
NEVELLE HALDER BELL,
JAMES OTIS CATER,
   aka JACK CATER,
VERNON RALPH MOORE,
FRED BROWN,
ROBERT HINES,
RON SMITH,
SANDRA GRANT,
   aka SAN,
   aka SANDRA SMITH,
TANYA SHOUDER,
   aka TANGIE,
TRENA JOHNSON,
FNU LNU,
   aka FLUTE,
KENNETH EUGENE McCARTER,
   aka BOO-JAY,
ROSALIND SPRADLEY,
   aka ROBIN, and
WANDA GUNTER

CRIM. NO. 92-133

USAO NO.  91R0447
OCDETF NO. SE-ALS-025

Violations:
21 USC 846
21 USC 841
21 USC 853

SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:



(Ex. B)

## COUNT ONE

Beginning on or about January 1, 1988, and continuing through the return of this indictment, in the Southern District of Alabama, Southern Division and elsewhere,

ELLIS WILLIAMS,
    aka ROBERT JOHNSON,
    aka ELLIS JOHN WILLIAMS,
ALEXANDRO B. JEREZ,
CLINTON DAVID PRAYER,
RICKY CARTER JOHNSON,
MARIA JEREZ,
TIMOTHY DWAYNE DIXON,
GUILLERMO REYES,
    aka SWEET DADDY WILLIAMS,
    aka SWEET WILLIAM,
    aka ACERE,
ALEX McMILLIAN,
    aka MEAT,
RODNEY MAURICE TOOMER,
NEVELLE HALDER BELL,
JAMES OTIS CATER,
    aka JACK CATER,
VERNON RALPH MOORE,
FRED BROWN,
ROBERT HINES,
RON SMITH,
SANDRA GRANT,
    aka SAN,
    aka SANDRA SMITH,
TANYA SHOUDER,
    aka TANGIE,
TRENA JOHNSON,
FNU LNU,
    aka FLUTE,
KENNETH EUGENE McCARTER,
    aka BOO-JAY,
ROSALIND SPRADLEY,
    aka ROBIN, and
WANDA GUNTER

did conspire with one another, and with Rodolfo Jimenez, Rodolfo Muniz, Marion Teano Watts, Lilly Frances McCray, Eric Joseph Yost, and with others both known and unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute Schedule II controlled substances, to-wit: more than sixty (60) kilograms of

cocaine and of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, contrary to Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

A TRUE BILL

FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

J. B. SESSIONS, III
UNITED STATES ATTORNEY

August, 1992

5

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**SOUTHERN** _____ **District of** _____ **ALABAMA**

UNITED STATES OF AMERICA

V.

JAMES OTIS CATER

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

Case Number:    92-00133

DENNIS J. KNIZLEY
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1__ _____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute Schedule II (cocaine) controlled substance. | | 1 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ _50.00_ , for count(s)
__1__ , which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _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_

Defendant's Date of Birth: _____

Defendant's Mailing Address:

_IN CUSTODY_

Defendant's Residence Address:

JUNE 15, 1993
Date of Imposition of Sentence

Signature of Judicial Officer
CHARLES R. BUTLER, JR.
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

JUNE 15, 1993
Date

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:          JAMES OTIS CATER                    Judgment — Page __2__ of __3__
Case Number: 92-00133

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned
for a term of _THREE HUNDRED (300) MONTHS without parole._

U. S. DISTRICT COURT
SOU. DIST. ALA.
FILED AND ...
18th ...                    June
19 93 ...
NO. ___ 2267
...
BY ___
DEPUTY CLERK

[x] The court makes the following recommendations to the Bureau of Prisons:

> that the defendant be committed to an institution where drug abuse treatment is
> available.

[x] The defendant is remanded to the custody of the United States marshal.
[ ] The defendant shall surrender to the United States marshal for this district,
         a.m.
    [ ] at _____ p.m. on _____.
    [ ] as notified by the United States marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States marshal.
    [ ] as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

Defendant:               JAMES OTIS CATER                Judgment—Page ___3___ of ____3___
Case Number:  92-00133

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

FIVE (5) YEARS.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☒ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☒ The defendant shall not possess a firearm or destructive device.

        Special conditions of the defendant's supervised release term are:
        1.) That he participate in a Substance Abuse Program, including random testing, as
& when directed to do so by the U. S. Probation Office.
        2.) The Court reimposes the amount of $2,388.35 to be paid to the Clerk of Court
for fees & expenses paid to defendant's court-appointed counsel and orders that this
amount be paid as directed by the U. S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;

15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

300 E. Street, N.W.
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number:  05-2003                                Date of Receipt:   May 24, 2005

Requester:   James O. Cater

Subject:   Self (authorization to prosecute)

Dear Requester:

      In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [  ]   A search for records located in this office has revealed no records.

2.    [ X ]  A search for records located in the United States Attorney's Office(s) for the   Southern   District of Alabama   has revealed no records.

3.    [  ]   The records which you have requested cannot be located.

4.    [  ]   This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ X ]  This is the final action my office will take on this particular request.

      You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

      Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

      After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02

**(Ex. B)**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
### U.S. Probation Office

William W. Wynne, Jr.
Chief U.S. Probation Officer

Post Office Box 2985
Mobile, Alabama 36652
(334) 441-6800
Fax (334) 441-6810

May 23, 2000

James Otis Cater
Reg. # 04999-003
P.O. Box 7007 M/B
Marianna, FL 32446-7007

Dear Mr. Cater:

This letter is in response to your letters dated May 2, 2000 and May 17, 2000 as well as my response dated May 9, 2000, to your letter dated May 2, 2000.

Upon further review of the judges' "Reasons for Imposing Sentence:", I apologize in that, the court found that the conviction in paragraph 48 of the presentence report should not have criminal history points, in that it was a related case to the federal case. No criminal history points were assigned to paragraph 48 and the criminal history category was "I."

For your information, once an individual is sentenced, the probation officer does not have the authority to make changes in a presentence report. It is suggested that you contact your case manager and ask him to review the report of "Statement of Reasons for Imposing Sentence", wherein the court determined that paragraph 48 was related to the federal offense and no criminal history points were assigned. Upon contact with your case manager, you may apply through the Bureau of Prisons (and not through this court) for possible credit for the time you have spent in state custody since the time of your federal sentencing. When you apply for this credit, if the regional director of the Bureau of Prisons believes you are eligible to receive it, he or she will send a letter to the judge to see if he has any objection to the granting of credit for the time you spent in state custody, after your federal sentencing date was imposed. If the judge does not object to you receiving this credit, your release date will be computed, starting your federal sentence as early as the date your federal sentence was imposed. There is no guarantee that the judge will approve this credit; it will not be considered until the Bureau of Prisons requests his approval.

(Ex. C)

**Page Two**
**James Otis Cater**


The only further involvement by this court, during your period of imprisonment, will be to respond to the Federal Bureau of Prisons for a request for approval or non-approval of the grant of credit for time served in the state, if the Bureau believes you are eligible for such credit.

Sincerely,

*H. M. Northcutt*

H. Morris Northcutt, Jr.
U.S. Probation Officer
Southern District of Alabama


HMN/chl

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal** *Page # 1*

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach–
ments must be submitted with this appeal.

From: __Cater    James    Otis_____ ____04999-003____ __Montgomery__ __FPC Montgomery__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　　REG. NO.　　　　　　UNIT　　　　　　INSTITUTION

**Part A—REASON FOR APPEAL** In Sept., 1990, I pled guilty in the Circuit Court of Morgan
County , Alabama to an indictment which charged unlawful possession of a
controlled substance (cocaine), and was sentenced to 5-years in state prison
as a result. On June 15, 1993, I was sentenced to 300-months in federal prison
for conspiracy to possess with intent to distribute cocaine which resulted from
the same "act" or "episode" which was the subject of the previous State case.
My 300-month federal sentence was later reduced to 240-months in prison in wake
of U.S.S.G. 505 by the Sentencing Commission. In early Nov., 2005, I acquired
documented proof from the U.S. Dept. of Justice to support the fact, the federal
prosecution was NOT approved by the Asst. Attorney General as required by the
U.S. Attorney's Manual 9-2.031 (Sept., 1997), commonly known as the **Petite
Policy**, tract the DOJ's rule "forbidding a federal prosecution after a previous
State prosecution based on the same acts, unless **(1) the prosecution has been
approved by the Assistant Attorney General.**" See Rinaldi v. U.S., 434 U.S. 22,
28-29 (1977)("This Executive policy serves to protect interest which, but for
'dual sovereignty principle' inherent in our federal system, would be embraced
by the Double Jeopardy Clause") (quoting Petite v. U.S., thus, my request for
relief is two-fold. **(CONTINUED ON PAGE # 2)**

__2/23/07____—5-18-07__　　　　　　　　　　_James Otis Cater_____
　　　　DATE　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

Administrative Remedy Section

_____　　　　　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　　　　　　　　　　　GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**　　　　　　　　CASE NUMBER: __441726-A2__

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

SUBJECT: _____

**(Ex. D)**

_____　　　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN　　　　　　　　　　　　　　Previous editions not usable　　　　　　　　BP-231(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　APRIL 1982

PAGE # 2 cont.

With regards to my previous Administrative remedies, the Regional Director agreed with the Warden here at FPC Montgomery in rejecting my BP-10 (see attachments BP-9 & BP-10). The Warden states: "Program Statement 5880.28, Change Notice-03, Sentence Computation Manual CCCA, dated February 14, 1997, page 1-14, states, Statutory Authority: "Prior custody time credit is controlled by 18 U.S.C. §3585(b).... Based on statute and policy, credit cannot be awarded for the period requested because it was credited against your state sentence. Your request for relief is denied." Id. Neither the Warden or Regional Director address the issue concerning the Petite Policy. A proper review of my request, as noted earlier may be two-fold. For example, had the sentencing court entertained the matter during the sentencing hearing, U.S.S.G. § 5G1.3 and Note 2 would have compelled the court to grant the relief I currently seek. Moreover, "when a defendant is convicted in a separate trials of two crimes that would have been grouped for sentencing purposes if they had been consolidated in a single trial, the court conduct the second trial should impose a total sentence commensurate with what the defendant would have received if the offenses had been the subject of a single trial, this is so even if the second court would have to depart downward from the Guideline to achieve such a result." U.S.S.G §5G1.3 comment Note. n.2: Lechuga 975 F.2d at 400 ("when a defendant has been convicted of an underlying offense ... at a single offense trial, a Application Notes to the Sentencing Guidelines expressly provide that those offenses dhould be grouped for sentencing.") See U.S. v. Sarna, 28 F.3d at 659. See also U.S. v. James H. Baisden, No. 98-8010 (11th Cir. Aug. 17, 1999)(agreed with courts construing similar provisions, that such a term of imprisonment can include prior State sentences.

"[A] search for records located in the United States Attorney's Office for the Southern District of Alabama has revealed NO records." This is the DOJ response to my request for a showing that the U.S. Attorney's Office, in my case, failed to follow its own policy as required by U.S. Attorney Manual (9-2.031 (Sept., 1997)) and the Petite policy itself. As a result of the U.S. Attorney's Office acts and/or omission, the Double Jeopardy Clause of the Fifth Amendment is implicated when ever a criminal is placed twice in jeopardy for the same offense. This alone renders my federal sentence null and void.

For the BOP to reject my request for time served in state prison, contrary to the conclusion of both the Court as well as the Probation Officer, which concluded that "the conviction in ¶ 48 of the PSR (state conviction) ... was related to federal case."

The Regional Director, adopting the Wardens conclusion, erroneously suggesting that the relief requested was credited against "another sentence." In Baisden, supra, the Eleventh Circuit agreed with the courts construing similar provisions, that such a term of imprisonment can include prior state sentences.

I respectfully request all relief appropriate under the circumstance stated herein.

DATE: April 17, 2007
May 18, 2007

Respectfully submitted

(Ex. D)

Administrative Remedy No. 441726-A2
Part B - Response


This is in response to your Central Office Administrative Remedy Appeal in which you request credit toward your federal sentence for time spent in state custody. You also claim that the federal court did not consider case law or the United States Sentencing Guidelines when imposing your federal sentence.

A review of your record reveals that at the time your federal sentence was imposed, you were under the primary jurisdiction of Alabama State authorities. You were produced in federal court pursuant to a writ and, after sentencing, you were returned to Alabama State authorities for disposition of their charges. You were then released from the Alabama State sentence to U.S. Marshals custody on September 24, 1993, and your federal sentence began. On April 10, 2001, you were granted a *nunc pro tunc* designation by the Southeast Regional Office and your federal sentence was calculated to begin on the date it was imposed, June 15, 1993, thereby granting you partial credit by designating the State of Alabama as the place of service of the federal term. Federal statute prohibits the Bureau of Prisons from awarding credit for all of the time you are requesting as it was time spent in the service of your state sentence. Any concern you have regarding your federal sentence and the appropriateness of the sentence imposed should be addressed with the sentencing court. Your sentence has been computed as directed by federal statute and Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

Your appeal is denied.


July 9, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals


(Ex. D)

Regional Administrative Remedy Appeal No. 441726-R1
Part B - Response

This is in response to your Request for Administrative Remedy Appeal receipted
March 5, 2007. You state your sentence computation is incorrect. You allege you are
entitled to 22-months of credit for the time you spent in state custody. As relief, you
request this credit be applied toward your federal sentence.

We have reviewed your complaint and determined the Warden's response adequately
addresses the concerns raised in your administrative remedy. As you were previously
informed, in accordance with Bureau of Prisons Program Statement 5880.28, <u>Sentence
Computation Manual-CCCA</u>, your sentence has been computed correctly. You provide
no additional information to support your claim your sentence computation is incorrect.

Accordingly, this Regional Administrative Remedy Appeal is denied. If dissatisfied with
this response, you may appeal to the Office of General Counsel, 320 First Street, NW,
Washington, DC 20534. Your appeal must be received in the Office of the General
Counsel within 30 calendar days of the date of this response.


_____3/27/07_____          _____
Date                           Regional Director, SERO


(Ex. D)

**U.S. Department of Justice**
Federal Bureau of Prisons

**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**

| From: | Cater, James | 04999-003 | Montgomery-H | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part B- RESPONSE**

This is in response to your BP-9 receipted January 30, 2007, in which you request a minimum of 22 months be awarded on your federal sentence for time spent in state custody.

A review of your Judgment and Commitment file documents shows that you came into federal custody via a writ of habeas corpus from state custody on December 8, 1992. The United States District Court, Southern District of Alabama, sentenced you to a 300-month term of imprisonment without parole on June 15, 1993. On July 1, 1993, you were returned to state custody. Documents show you came back into federal custody on September 24,1993, for service of your federal sentence. An order received from the United States District Court, Southern District of Alabama, dated July 22,1996, reduced the term of imprisonment from 300 months to 240 months. A "Nunc Pro Tunc" designation was granted April 10, 2001, by the Regional Director, and your federal sentence began the date it was imposed rather than when you came into federal custody for service of your federal sentence.

**18 U.S.C. § 3585(b)-Credit for prior custody, states, "A defendant shall be given credit toward the service of a term if imprisonment for any time spent in official detention prior to the date the sentence commences:**

**(1) as a result of the offense for which the sentence was imposed;**
                    **or**
**(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

**that has not been credited against another sentence."**

Program Statement 5880.28,Change Notice-03, <u>Sentence Computation Manual CCCA</u>, dated February 14, 1997, page 1-14, states, Statutory Authority: "Prior custody time credit is controlled by 18 U.S.C. § 3585(b)...."

Based on statute and policy, credit cannot be awarded for the period requested because it was credited against your state sentence. Your request for relief has been denied.

In accordance with Program Statement Number 1330.13, Administrative Remedy Program, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

2/9/07
_____
Date

_____
Warden

(Ex. D)