**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JAMES OTIS CATER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **2:07cv-739-MEF** |
| | ) | |
| DARLENE DREW, Warden, | ) | |
| FPC Montgomery, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE TO PETITION FILED PURSUANT TO TITLE 18,**
**UNITED STATES CODE, SECTION 3626**

Comes now the Respondent, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Order of September 19, 2007, reports and responds as follows:

**I.    Petition**

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241, claiming the Bureau is holding him beyond his sentence completion date based on a state sentence which he completed.

As the petitioner is proceeding pro-se in this action his pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers. Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th Cir.1991). The habeas corpus petition is due to be denied.

## II.    Parties

a)    Petitioner

The pro se petitioner, James Otis Cater, federal register number 04999-003, is currently incarcerated at the Federal Correctional Institution in Talladega, Alabama. (Attachment 1 - Public Information Inmate form).  The petitioner is serving a 240 month term of incarceration followed by five years supervised release for Conspiracy To Possess With Intent To Distribute Schedule II Controlled Substance, Cocaine in violation of 21 U.S.C. sec. 846.  (Attachment 1, page 2.)  He was sentenced in the Southern District of Alabama in Case no. CR:-92-00133 (Attachment 2 - J&C, and Attachment 1, page 2). The petitioner has a projected release date of November 12, 2010, via good conduct time release.  (Attachment 1, page 3.)

b)    Respondent

The petitioner has named Darlene Drew, Warden FPC Montgomery, as the Respondent in this matter.  The only proper Respondent in federal habeas cases is the custodian of the petitioner.  See 28 U.S.C. 2242; Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 2717-18 (2004).  The Warden is the proper Respondent.

## III.    Complaint

Inmate James Otis Cater claims additional credit toward his federal sentence in the amount of approximately 18 months for time spent in state custody from December 16, 1991, to June 14, 1993.  Cater also claims the United States Attorney failed to obtain prior

approval from the Assistant Attorney General before initiating the prosecution in his case in violation of its Petite policy.

Cater has raised this issue in numerous previous cases. He filed two previous cases in the Middle District of Alabama. In U.S. v. Griffin, 2:05-cv-808, the court transferred the case to the Southern District of Alabama on September 26, 2005. The court ruled that although Cater is incarcerated in FPC Maxwell (a.k.a. FPC Montgomery), all of the witnesses and documents associated with the criminal prosecution are located in the other jurisdiction. (Attachment 3). This issue is currently pending review in Cater v. Federal Prison Camp, Maxwell Air Force Base, 1:06-cv-270. This case is currently open. (Attachment 4)

Cater also filed a 2241 action in the Middle District of Alabama seeking similar relief; Cater v. Griffin, 2:06-697. (Attachment 5) In this case, the court ruled that Cater should have filed a 2255 petition in the appropriate district court, and the case was dismissed with prejudice. Clearly, the Middle District of Alabama has already made clear that the issues Cater raises should not be raised in this district.

Moreover, as stated above, it appears Cater has raised this issue in several cases in the Southern District of Alabama. (Attachment 6).

**IV.    Facts**

In response to this petition, inmate Cater's sentencing file was audited by Forest B. Kelly, Correspondence Specialist at the Federal Bureau of Prisons Designation and

Computation Sentence Center. He has provided a declaration regarding the sentence and the petitioner's request. The below facts are explained in Mr. Kelly's declaration.

According to the records, on December 11, 1990, Cater was sentenced in the Morgan County Circuit Court, in Decatur, Alabama, under Case Number CC88-038, to a 3-year state term of confinement for Possession of Cocaine. (Kelly Declaration) On December 16, 1991, Cater was committed to the Alabama Department of Corrections (ADOC). He was committed from Bond/Appeal status, for the service of a 5-year state term of confinement for Unlawful Possession of Controlled Substance - Cocaine, in Case Number N88000038 (Attachment 7)

On December 8, 1992, Cater was temporarily transferred to federal custody pursuant to a Writ. (Attachment 8 - USMS Individual Custody and Detention Report) On June 15, 1993, Cater was sentenced to a 300-month federal term of confinement for Conspiracy to Possess with Intent to Distribute a Schedule II (Cocaine) Controlled Substance. (Attachment 2 - J&C) On July 22, 1996, the federal sentence was reduced to a term of 240 months due to a change in the sentencing guidelines. (Attachment 9 - Court Order, dated July 22, 1996) Cater was properly returned to state custody on July 1, 1993. (Attachment 8)

On September 25, 1993, Cater released from the 5-year state term of imprisonment. (Attachment 10- ADOC Memorandum, dated September 25, 1996.) He was transferred to BOP custody on October 20, 1993 (Attachment 1). On April 10, 2001,

the BOP designated, nunc pro tunc, the ADOC as the place of imprisonment for service of the federal sentence, thereby commencing Cater's federal sentence on June 15, 1993, the date of imposition.  (Attachment 11 - Nunc Pro Tunc Letter).  This action was in accordance with Program Statement 5160.05, <u>Designation of State Institution</u> for Service of Federal Sentence.  (Attachment 12).

Regarding Cater's request for additional credit, this is not possible as the credit he seeks was already granted in his state sentence.  Program Statement 5880.28, , <u>Sentence Computation Manual CCCA</u>, Change Notice -02, dated February 14, 1997, page 1-14, states that prior custody time credit is controlled by 18 U.S.C. § 3585(b).  PS 5880.28, refers to[1] Title 18 U.S.C. § 3585(b) which precludes the application of credit for time spent in the service of another sentence.  (Attachment 13 - PS 5880.28, relevant pages[2]). Therefore, the period of time Cater spent in the service of his state sentence from December 16, 1991, to June 14, 1993, cannot be credited toward his federal sentence because that time was applied against his state sentence.  (Attachments 2 and 6).  Thus, the sentence computation was prepared for Cater based on a 240-month term of confinement beginning on June 15, 1993, with credit for time spent in official detention from October 28, 1987, to October 31, 1987.  (Attachment 1, pages 3 and p. 4)

---

[1]	This Program Statement may be viewed in its entirety at www.bop.gov.

[2]	This Program Statement may be viewed in its entirety at www.bop.gov.

## VI.  Administrative Remedies

The petitioner has exhausted his administrative remedies.  (Attachment 14 -

Administrative Remedy Packet)

## VII.  Legal Argument

1.    The Petitioner Is Not Entitled To Credit Against His Federal Sentence

Title 18 U.S.C. § 3585(b) governs jail credit for terms imposed under the CCCA

and provides:

> A defendant shall be given credit toward the service of a term
> of imprisonment for any time he has spent in official detention
> prior to the date the sentence commences -
>
> (1)    as a result of the offense for which the sentence was imposed; or
>
> (2)    as a result of any other charge for which the defendant was arrested
> after the commission of the offense for which the sentence was
> imposed **that has not been credited against another sentence.**

18 U.S.C. 3585(b) emphasis added.

The Supreme Court has explained when Congress enacted 18 U.S.C. § 3585(b) it

"made clear that a defendant could not receive a double credit for his detention time."

U.S. v. Wilson, 503 U.S. 329, 337 (1992).  See also Dawson v. Scott, 50 F.3d 884, 888

(11th Cir. 1995) (Congress wanted to "to make clear that a defendant could not receive

double credit for his detention time..."  See also, McClain v. Bureau of Prisons, 9 F.3d

503 (6th Cir. 1993) (18 U.S.C. § 3585 is intended to prevent double credit for detention

served before a federal sentence actually begins.)

The time Cater was in state custody was credited toward the state sentence which is why he was released early. The BOP has correctly applied the statutory requirements by mandating credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal or non federal.

Cater argues that the Attorney General should have obtained permission from the State Authorities prior to initiation of the federal prosecution as he had already been prosecuted by the state for the same act. As pointed out above, Cater has previously raised this issue and the court determined the Middle District of Alabama, is not the appropriate forum to file his case.

Cater also argues that the BOP should give him credit for the time he spent serving his state sentence, and cites to Kiefer v. U.S., 20 F.3d 874 (8th Cir. 1994) in support of his position. In Kiefer, the petitioner was sentenced by the state on firearms charges and was serving a term of imprisonment when the federal indictment issued. He was subsequently sentenced under Title 18 USC § 924(e)(1) to a mandatory minimum term. Therefore in accordance with the Sentence Guidelines § 5G1.3 (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense.

In this case, the BOP does not have the authority to adjust a sentence on its own. However, if a court ordered the BOP to make a § 5G1.3(b) level adjustment, the order would be followed by the amount of time not credited by the BOP.

2.    Since Alabama Had Primary Custody, the petitioner's State Sentence
Had To Be Completed First

To the extent the petitioner argues he should have somehow served his federal

sentence first, this argument must fail.  Where a prisoner is in state custody and he is

taken by federal authorities on the basis of a writ of habeas corpus ad prosequendum, the

state has not relinquished its custody to the federal government, the prisoner is only "on

loan" from the state, which retains primary jurisdictional custody.  See Causey v.

Civiletti, 621 F.2d 691, 693-695 (5th Cir. 1980), *reh. denied*, 633 F.2d 582 (1980); U. S. v.

Smith, 812 F.Supp. 368, 370-371 (E.D.N.Y. 1993).  This rule applies even when the

prisoner has not yet been convicted or sentenced on the state's charges.  Causey, *supra,* at

693-694.

The first sovereign's primary jurisdiction over the prisoner continues until it

relinquishes its priority by either bail release, dismissal of the state charges, parole release

or expiration of sentence.  Smith, *supra,* at 370 n.2.  Accordingly, when federal

authorities return the prisoner to the state, the state's sentence should be served first.  In

Causey, the Court wrote:

>  [t]he law is clear in this Circuit that if a defendant is in state
>  custody and he is turned over to federal officials for federal
>  prosecution, the state government's loss of jurisdiction is
>  only temporary.

Causey, supra, at 693; see also, Taylor v. Reno, 164 F3d 440, 444 (9th Cir. 1998), *cert.*

*denied*, 527 U.S. 1026 (1999).

As indicated above, the fact the petitioner went out on writ to the federal authorities for a period of time for purposes of addressing his federal criminal charges did not change Alabama's primary jurisdiction over him.

Respectfully submitted this 24th day of October, 2007.

LEURA G. CANARY
United States Attorney


By:    s/R. Randolph Neeley
       Assistant United States Attorney
       Bar Number:  #9083-E56R
       Attorney for Defendant
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL  36101-0197
       Telephone: (334) 223-7280
       Facsimile:  (334) 223-7418
       E-mail:  rand.neeley@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2007, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed,

by United States Postal Service, a copy of same to the following non-CM/ECF

participant(s):

> James Otis Carter
> Reg. No. 04999-003
> FPC Maxwell
> Maxwell AFB
> Montgomery, AL 36112

> s/ R. Randolph Neeley
> Assistant United States Attorney

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES OTIS CATER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **2:07cv-739-MEF** |
| | ) | |
| DARLENE DREW, Warden, | ) | |
| FPC Montgomery, | ) | |
| | ) | |
| Respondent. | ) | |

## DEFENDANT'S LIST OF EXHIBITS

Attachment 1 - Public Information Inmate form;

Attachment 2 - Judgment in Criminal Case;

Attachment 3 - Court Order;

Attachment 4 - Cater v. Federal Prison Camp, Maxwell Air Force Base, 1:06-cv-279;

Attachment 5 - Cater v. Griffin, 2:06-697;

Attachment 6 - PACER printout;

Attachment 7 - Inmate Summary;

Attachment 8 - USMS Individual Custody and Detention Report;

Attachment 9 - Court Order, dated July 22, 1996;

Attachment 10 - ADOC Memorandum, dated September 25, 1996;

Attachment 11 - Nunc Pro Tunc Letter;

Attachment 12 - Program Statement 5160.05;

Attachment 13 - PS 5880.28, relevant pages;

Attachment 14 - Administrative Remedy Packet;

Declaration of Forest B. Kelly.

Attachment 1

Case 2:07-cv-00739-MEF-TFM   Document 12-3   Filed 10/24/2007   Page 2 of 4

REGNO..: 04999-003 NAME: CATER, JAMES OTIS

```
                    RESP OF: MON / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 334-293-2100     FAX: 334-293-2326
                                              RACE/SEX...: BLACK / MALE
FBI NUMBER.: 487836X8                         DOB/AGE....: 02-06-1945 / 62
PROJ REL MT: GOOD CONDUCT TIME RELEASE        PAR ELIG DT: N/A
PROJ REL DT: 11-12-2010                       PAR HEAR DT:
```

-------------------------- ADMIT/RELEASE HISTORY ----------------------------

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|------------|-------------|-----------------|----------------|
| MON | A-DES | DESIGNATED, AT ASSIGNED FACIL | 09-16-2003 1513 | CURRENT |
| MON | FURL MED | FURLOUGH-MEDICAL | 09-16-2003 1109 | 09-16-2003 1513 |
| MON | A-DES | DESIGNATED, AT ASSIGNED FACIL | 09-02-2003 1549 | 09-16-2003 1109 |
| MON | FURL MED | FURLOUGH-MEDICAL | 09-02-2003 0758 | 09-02-2003 1549 |
| MON | A-DES | DESIGNATED, AT ASSIGNED FACIL | 08-13-2003 1539 | 09-02-2003 0758 |
| MON | FURL MED | FURLOUGH-MEDICAL | 08-13-2003 1248 | 08-13-2003 1539 |
| MON | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-16-2002 1451 | 08-13-2003 1248 |
| 6-Y | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-16-2002 1551 | 07-16-2002 1551 |
| 6-Y | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-16-2002 0512 | 07-16-2002 1551 |
| YAZ | FURL TRANS | FURL W/UNESCORTED TRF TO A CCC | 07-16-2002 0412 | 07-16-2002 0412 |
| YAZ | A-DES | DESIGNATED, AT ASSIGNED FACIL | 05-07-2001 1508 | 07-16-2002 0412 |
| A02 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 05-07-2001 1608 | 05-07-2001 1608 |
| A02 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 05-07-2001 0845 | 05-07-2001 1608 |
| OKL | HLD REMOVE | HOLDOVER REMOVED | 05-07-2001 0745 | 05-07-2001 0745 |
| OKL | A-BOP HLD | HOLDOVER FOR INST TO INST TRF | 04-27-2001 1600 | 05-07-2001 0745 |
| A01 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 04-27-2001 1700 | 04-27-2001 1700 |
| A01 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 04-27-2001 1058 | 04-27-2001 1700 |
| ATL | HLD REMOVE | HOLDOVER REMOVED | 04-27-2001 1058 | 04-27-2001 1058 |
| ATL | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 04-18-2001 1259 | 04-27-2001 1058 |
| B16 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 04-18-2001 1259 | 04-18-2001 1259 |
| B16 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 04-18-2001 0815 | 04-18-2001 1259 |
| MNA | TRANSFER | TRANSFER | 04-18-2001 0715 | 04-18-2001 0715 |
| MNA | A-DES | DESIGNATED, AT ASSIGNED FACIL | 10-21-1993 1725 | 04-18-2001 0715 |
| B14 | RELEASE | RELEASED FROM IN-TRANSIT FACL | 10-21-1993 1825 | 10-21-1993 1825 |
| B14 | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 10-21-1993 0610 | 10-21-1993 1825 |
| ATL | HLD REMOVE | HOLDOVER REMOVED | 10-21-1993 0610 | 10-21-1993 0610 |
| ATL | A-HLD | HOLDOVER, TEMPORARILY HOUSED | 10-20-1993 1001 | 10-21-1993 0610 |
| 1-Q | RELEASE | RELEASED FROM IN-TRANSIT FACL | 10-20-1993 1001 | 10-20-1993 1001 |
| 1-Q | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 10-01-1993 2023 | 10-20-1993 1001 |
| CMY | ADMIN REL | ADMINISTRATIVE RELEASE | 10-01-1993 1923 | 10-01-1993 1923 |
| CMY | A-ADMIN | ADMINISTRATIVE ADMISSION | 10-01-1993 1906 | 10-01-1993 1923 |
| CMY | UNCOMT RMV | UNCOMMITTED CASE REMOVED | 06-15-1993 1814 | 10-01-1993 1906 |
| CMY | A-UNCOMMIT | UNCOMMITTED PERSON | 06-15-1993 1812 | 06-15-1993 1814 |

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 04999-003 NAME: CATER, JAMES OTIS

                    RESP OF: MON / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 334-293-2100     FAX: 334-293-2326
PRE-RELEASE PREPARATION DATE: 05-12-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-12-2010 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION..........: ALABAMA, SOUTHERN DISTRICT
DOCKET NUMBER..................: 92-00133
JUDGE..........................: BUTLER
DATE SENTENCED/PROBATION IMPOSED: 06-15-1993
DATE COMMITTED.................: 10-21-1993
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $50.00         $00.00          $00.00         $2,388.35

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 391
OFF/CHG: 21 USC 846 - CONSP TO POSSESS WITD SCHEDULE II CONTROLLED
         SUBSTANCE (COCAINE)

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  300 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 NEW SENTENCE IMPOSED...........:  240 MONTHS
 BASIS FOR CHANGE...............: RULE 35 DEFENDANT APPEAL
 DATE OF OFFENSE................: 08-31-1992

G0002     MORE PAGES TO FOLLOW . . .

REGNO..: 04999-003 NAME: CATER, JAMES OTIS

                        RESP OF: MON / DESIGNATED, AT ASSIGNED FACIL
                        PHONE..: 334-293-2100    FAX: 334-293-2326
------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-03-2007 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 06-15-1993
TOTAL TERM IN EFFECT............:    240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     20 YEARS
EARLIEST DATE OF OFFENSE........: 08-31-1992

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     10-28-1987     10-31-1987

TOTAL PRIOR CREDIT TIME.........: 4
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 941
TOTAL GCT EARNED................: 756
STATUTORY RELEASE DATE PROJECTED: 11-12-2010
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 06-10-2013


PROJECTED SATISFACTION DATE.....: 11-12-2010
PROJECTED SATISFACTION METHOD...: GCT REL


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

Attachment 2

(Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**SOUTHERN** _____ District of _____ **ALABAMA** _____



UNITED STATES OF AMERICA

V.

JAMES OTIS CATER

04999-003

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: 92-00133

DENNIS J. KNIZLEY
Defendant's Attorney

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1__ _____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute Schedule II (cocaine) controlled substance. | | 1 |

CERTIFIED A TRUE COPY

JOHN V. O'BRIEN, CLERK

BY _____
Deputy Clerk

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ _50.00_ _____, for count(s)
__1__ _____, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _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_

Defendant's Date of Birth: _____

Defendant's Mailing Address:

_IN CUSTODY_ _____

_____

Defendant's Residence Address:

_____

_____

JUNE 15, 1993
Date of Imposition of Sentence

_____
Signature of Judicial Officer

CHARLES R. BUTLER, JR.
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

JUNE 15, 1993 _____
Date

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:           JAMES OTIS CATER           Judgment — Page __2__ of __3__
Case Number: 92-00133

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THREE HUNDRED (300) MONTHS without parole.

```
U. S. DISTRICT COURT
        S.D. AL
FILED
    18
19 93        June
NO. ____ 2267
BY
        DEPUTY CLERK
```

[x] The court makes the following recommendations to the Bureau of Prisons:

that the defendant be committed to an institution where drug abuse treatment is available.

[x] The defendant is remanded to the custody of the United States marshal.
[ ] The defendant shall surrender to the United States marshal for this district,
    [ ] at _____ a.m. p.m. on _____.
    [ ] as notified by the United States marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [ ] before 2 p.m. on _____
    [ ] as notified by the United States marshal.
    [ ] as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _10-21-93_ to _FCI, MNA_ _____ at
_Marianna, Fl._ _____, with a certified copy of this judgment.

                        Joe Class, Warden
                        United States Marshal

                    By _Jim Basford, LIE_
                        Deputy Marshal

*U.S.GPO 1990-722-445  10266

AO 245 S (Rev. 4/90) Sheet 3 - Supervised Release

Defendant:        JAMES OTIS CATER                    Judgment—Page ___3___ of ___3___
Case Number:  92-00133

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

FIVE (5) YEARS.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☒ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

☒ The defendant shall not possess a firearm or destructive device.

Special conditions of the defendant's supervised release term are:
1.) That he participate in a Substance Abuse Program, including random testing, as & when directed to do so by the U. S. Probation Office.
2.) The Court reimposes the amount of $2,388.35 to be paid to the Clerk of Court for fees & expenses paid to defendant's court-appointed counsel and orders that this amount be paid as directed by the U. S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;

15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

Attachment 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES OTIS CATER,                              )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )        2:05-CV-808-T
                                               )        (WO)
DEBORAH GRIFFIN, AUSA for the                  )
Southern District of Alabama,                  )
                                               )
        Defendant.                             )

## ORDER

There being no objections filed to the Recommendation of the Magistrate Judge

filed herein on August 30, 2005 (Doc. 3), and upon an independent review of the file in this

case, said Recommendation is hereby adopted, and it is the

ORDER, JUDGMENT and DECREE of the court that this case is transferred to the

United States District Court for the Southern District of Alabama pursuant to the

provisions of 28 U.S.C. § 1404.

Done this the 26th day of September, 2005.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

JAMES OTIS CATER                          *

    Plaintiff,                          *

      v.                              * CIVIL ACTION NO. 2:05-CV-808-T
                            (WO)
DEBORAH GRIFFIN, AUSA for the            *
Southern District of Alabama
                                          *
    Defendant.

---

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this civil proceeding, James Cater, a federal inmate, challenges the conduct of a federal official in Mobile, Alabama, with respect to her action in filing a federal prosecution against him based on the same act and/or conduct made the subject of a previous State prosecution against Plaintiff. Specifically, Plaintiff complains that the named defendant failed to obtain the requisite approval for such action from the United States Department of Justice with regard to its Petite Policy and, thus, an appropriate policy statement was never made a part of his federal criminal record.[1] Plaintiff states that he requested in writing that Defendant take appropriate action regarding his concern over her failure to adhere to the Petite Policy. He complains, however, that Defendant failed to respond which prompted him to file the instant action.

---

[1]According to the complaint, the Petite Policy is designed to limit the exercise of power to bring successive prosecutions for the same offense.

Upon review of the complaint, the court concludes that this case should be transferred

to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C.

§ 1404.[2]

## DISCUSSION

A civil action filed against a federal official "may . . . be brought in any judicial

district in which (1) a defendant in the action resides, (2) a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject

of the action is situated, or (3) the plaintiff resides if no real property is involved in the

action." 28 U.S.C. § 1391(e). The law further provides that "[f]or the convenience of

parties and witnesses, [and] in the interest of justice, a district court may transfer any civil

action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The sole individual listed as a defendant resides in the Southern District of Alabama.

Moreover, it is clear from the factual allegations contained in the complaint that the actions

about which Plaintiff complains, including the witnesses and documents associated with this

matter, either reside in, and/or are located in, the Southern District of Alabama. Although

Plaintiff is currently incarcerated at the Maxwell Federal Prison Camp in Montgomery,

Alabama, it is clear that the parties, witnesses and evidence associated with this case are

located within the jurisdiction of the United States District Court for the Southern District

of Alabama.

---

[2]Petitioner requests leave to proceed in this action *in forma pauperis*. (Doc. No. 2.) The assessment
and collection of any filing fee should be undertaken by the United States District Court for the Southern
District of Alabama in accordance with 28 U.S.C. § 1915.

Attachment 4

Page - 1

AO 243 (Rev. 5/85)    MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Southern District of Alabama | |
|---|---|---|
| Name of Movant JAMES OTIS CATER | Prisoner No. 04999-003 | Case No. *06-0279-CB* 92-00133 |
| Place of Confinement | | |

FEDERAL PRISON CAMP, MAXWELL AIR FORCE BASE, MONTGOMERY, AL 36112

UNITED STATES OF AMERICA    V.    JAMES OTIS CATER
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. District__

   __Southern District of Alabama, Mobile, Alabama__

2. Date of judgment of conviction __June 15. 1993__

3. Length of sentence __240 - months__

4. Nature of offense involved (all counts) __Conspiracy to possess with intent to__

   __distribute cocaine__

5. What was your plea? (Check one)
   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details

   __N/A__

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury               ☒
   (b) Judge only         ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

Page - 2

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court U.S. Court of Appeals for the Eleventh Circuit

   (b) Result Affirmed

   (c) Date of result March 30, 1994

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court U.S. District Court, Southern District of Alabama

       (2) Nature of proceeding Criminal Complaint (complaint was recharacterized a § 2255 motion)

       (3) Grounds raised Defense Counsel Actively represented Conflict of interest; ineffective assistance of counsel; prosecutorial misconduct during the trial; ineffective assistance of counsel at direct appeal.

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☒

       (5) Result Procedurally dismissed-untimely under AEDPA's one-yerar statute of limitations.
       (6) Date of result March 20, 2000

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court U.S. District Court for the Southern District of Ala.

       (2) Nature of proceeding Motion for relief from judgment under Rule 60(b)

       (3) Grounds raised Trial Counsel Burden by Conflict of Interest; Actual innocence; ineffective assistance of counsel; at guilt innocence aspect of proceedings; prosecutorial misconduct; ineffective assistance of counsel at direct appeals, all base on "newly discovered evidence."

       _____

Page - 3

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one. Counsel's conflict of interest rendered ineffective assistance counsel failed to request approval/authorization of the appropriate Assistance Attorney General to initiate federal prosecution following previous State prosecution.

Supporting FACTS (state *briefly* without citing cases or law) The AUSA's failure to obtain approval of appropriate Assistant Attorney General to initiate federal prosecution for same act which was the subject of previous State prosecution, not only violates DOJ policy, but also circumvents jurisdictional safeguard established to protect defendants against double jeopardy.

(SEE ATTACHED MEMORANDUM)

B. Ground two: Reference (i) above, Denial of effective assistance of counsel at critical stage(s) of the trial proceedings due to counsel's conflict of interest.

Supporting FACTS (state *briefly* without citing cases or law): Defense counsel actively represented two defendants charged in the indictment, Cater and Eric Yost. NO inquiry was conducted, and due to said representation, caused substantial prejudice to Cater's defense, rendering his trial proceedings a mere formality and fundamentally unfair.

(SEE ATTACHED MEMORANDUM)

C. Ground three: Ineffective assistance of counsel at direct appeals.

Supporting FACTS (state *briefly* without citing cases or law): Counsel at direct appeals failed to raise issues preserved by trial counsel, or to raise a sufficiency of the evidence claim, based on the trial record.

(SEE ATTACHED MEMORANDUM)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result <u>Procedurally dismissed as 'second or successive motion.</u>

(6) Date of result <u>April 21, 2003</u>

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☒ No ☐
(2) Second petition, etc.     Yes ☒ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

Page - 5

AO 243 (Rev. 5/85)

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

The District Court never adjudicated the merits of either motion described in ¶'s 11(a) and (b), supra. All the above ground has been "presented" before, but never adjudicated on the merits.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing N/A

(b) At arraignment and plea N/A

(c) At trial Mr. Dennis Knizley, Mobile, Alabama

(d) At sentencing Mr. Dennis Knizley, Mobile, Alabama

Page - 6

AO 243 (Rev. 5/85)

(c) On appeal  Mr. David Luker, of Birmingham, AL

(f) In any post-conviction proceeding    N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding    N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

                                    NONE
                            Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 26, 2006
     (date)

                                    Signature of Movant

Attachment 5

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES OTIS CATER,                        )
                                         )
          Petitioner,                    )
                                         )
v.                                       )     CASE NO. 2:06-cv-697-WKW
                                         )          (WO)
DEBORAH GRIFFIN, AUSA,                   )
Southern District of Alabama, *et al.*,  )
                                         )
          Respondents.                   )

## O R D E R

After an independent and *de novo* review of the file, it is the ORDER, JUDGMENT and

DECREE of the Court that:

(1)     The objection filed by the petitioner on August 30, 2006 (Doc. # 8) is overruled;

(2)     The recommendation of the United States Magistrate Judge entered on August 14,

        2006 (Doc. # 4) is adopted;

(3)     The 28 U.S.C. § 2241 petition for habeas corpus relief  filed by Petitioner James

        Cater is DENIED; and

(4)     The above-styled case is DISMISSED with prejudice.

An appropriate judgment shall be entered.

DONE this 26th day of September, 2006.


                         _____/s/  W.  Keith Watkins_____
                         UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES OTIS CATER | * | |
| Petitiorer, | * | |
| v. | * | 2:06-CV-697-WKW |
| | | (WO) |
| DEBORAH GRIFFIN, AUSA, | * | |
| Southern District of Alabama, *et al.*, | | |
| | * | |
| Respondents. | | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, James Cater ["Cater"], a federal inmate, seeks once again to mount a challenge in this court to his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a), 846.[1] As he did in his previous action, Cater alleges that the conduct of an assistant federal prosecutor in Mobile, Alabama, in filing a federal prosecution against him based on the same act and/or conduct made the subject of a previous State prosecution against him resulted in a void indictment. In support of his argument Cater alleges that the Government failed to obtain the requisite approval for such action from the United States Department of Justice with regard to its *Petite* Policy which is designed to limit the exercise of power to bring successive federal (or state) prosecutions

---

[1]On August 24, 2005 Cater filed a Petition for Writ of Mandamus in this court seeking issuance of a writ directing the assistant federal prosecutor who prosecuted his case to dismiss the indictment. *See Cater v. Griffin*, Civil Action No. 2:05-CV-808-MHT (M.D. Ala. 2005). By order entered September 26, 2005 the case was transferred to the United States District Court for the Southern District of Alabama for review and disposition.

unless the prosecution has been approved by the Assistant Attorney General for the United States. (Doc. No. 1.)

Cater requests that a writ of habeas corpus be directed to Respondent Deborah Griffin commanding her to produce documentary proof which establishes the authority, jurisdiction, and legality for his current incarceration. Alternatively, Cater seeks his immediate release.

## I. FACTS

In September 1990 Cater entered a guilty plea to unlawful possession of cocaine in the Circuit Court for Morgan County, Alabama. The trial court sentenced Cater to a five-year prison term. Cater subsequently faced federal charges arising out of the same incident related to the basis for his state court conviction. Cater's petition reflects that on August 26, 1992 a federal grand jury returned a superceding indictment charging him with conspiracy with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. On March 19, 1993 a jury found Cater guilty as charged in the indictment. His sentence of 300 months' imprisonment for his conviction was later reduced to a term of 240 months. (Doc. No. 1 at pgs. 2-3.) Court records establish that Cater has filed prior challenges to his federal conviction, including two motions under 28 U.S.C. § 2255, a motion for new trial, a motion to correct sentence, and two petitions for writ of error coram nobis. *See United States v. Cater*, Criminal No. 92-00133 (S.D. Ala.); *see also Cater v. Griffin*, Civil Action No. 1:05-CV-551-CB (S.D. Ala. 2005).

2

## II. DISCUSSION

A review of the allegations contained in the instant petition, filed pursuant to 28 U.S.C. § 2241, reflect that Cater seeks to attack the constitutionality of his 1993 judgment on a drug related offense imposed upon him by the United States District Court for the Southern District of Alabama. The law is well settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *Title 28 U.S.C. § 2255.* It is clear from a review of the petition that this action is filed pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[2] However, under no circumstances can this court allow Cater's circumvention of the procedural gatekeeping provisions contained in the AEDPA as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive. Thus, under the circumstances of this case, Cater cannot proceed on his claims in a § 2241 petition.

The habeas petition and supporting arguments demonstrate that Cater's claims would be barred from review in a § 2255 motion before the United States District Court for the

---

[2]3. "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

3

Southern District of Alabama by the AEDPA's gatekeeping provisions on untimely and successive petitions. The inadequate and ineffective "savings clause of § 2255 applies to a claim when: ( 1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Cater does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding relief in a § 2241 proceeding. His claims are not premised upon a Supreme Court decision issued after his conviction which was made retroactively applicable to such conviction. Moreover, Cater has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Consequently, Cater's challenge to his conviction is not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Cater from presenting the claims now before this court at the time such claims otherwise should have been raised. Specifically, the pleadings filed herein establish that Cater had the requisite procedural opportunity to

4

raise the instant habeas claims challenging the constitutionality of his conviction and/or sentence and have such claims decided either at sentencing or on direct appeal. Cater also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id.* at 1244. The claims pending before this court, therefore, fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id.* "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA-- to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . "). In light of the foregoing, the court concludes that Cater' claims challenging

5

the constitutionality of his conviction are not cognizable in a 28 U.S.C. § 2241 petition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner James Cater be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 28, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)

(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of August 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

7

# Attachment 6

# U.S. Party/Case Index

## Civil Name Search Results

**6 Total Party matches for selection CATER, JAMES for Alabama Southern**
**Search Complete**

**Thu Oct 18 11:22:58 2007**

**Selections 1 through 6 (Page 1)**

⬤ Download (1 pages $ 0.00)

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 1 CATER, JAMES OTIS | alsdce | 1:1995cv00194 | 03/13/1995 | 510 | 04/12/1996 |
| Cater v. USA | | | | | |
| 2 CATER, JAMES OTIS | alsdce | 1:1995cv00194 | 03/13/1995 | 510 | 04/12/1996 |
| Cater v. USA | | | | | |
| 3 CATER, JAMES OTIS | alsdce | 1:2000cv00237 | 03/17/2000 | 510 | 03/20/2000 |
| Cater v. USA | | | | | |
| 4 CATER, JAMES OTIS | alsdce | 1:2000cv00237 | 03/17/2000 | 510 | 03/20/2000 |
| Cater v. USA | | | | | |
| 5 CATER, JAMES OTIS | alsdce | 1:2006cv00279 | 04/28/2006 | 510 | 05/08/2006 |
| Cater v. USA (2255) | | | | | |
| 6 CATER, JAMES OTIS | alsdce | 1:2005cv00551 | 09/30/2005 | 540 | 11/02/2005 |
| Cater v. Griffin | | | | | |

*(handwritten annotations:)*
- 2255 denied no docs avail.
- "
- order denying mtn to vacate under 2255 no docs avail
- terminated
- mtn. to vacate 2255 30 pages.
- Mandems denied

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/18/2007 11:22:58 | | | |
| PACER Login: | us5059 | Client Code: | |
| Description: | Civil srch pg 1 | Search Criteria: | CATER, JAMES |
| Billable Pages: | 1 | Cost: | 0.08 |

**U.S. Party/Case Index - Home**
Search: All Court Types | Appellate | Bankruptcy | Civil | Criminal
Reports: Court Code List | Date Range | Courts not on Index | Statistical Reports
User Options: Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help

Attachment 6

# U.S. Party/Case Index

## Civil Name Search Results

**6 Total Party matches for selection CATER, JAMES for Alabama Southern Search Complete**

**Thu Oct 18 11:22:58 2007**

**Selections 1 through 6 (Page 1)**

⬤ Download (1 pages $ 0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | CATER, JAMES OTIS | alsdce | 1:1995cv00194 | 03/13/1995 | 510 | 04/12/1996 |
| | Cater v. USA | | | | | |
| 2 | CATER, JAMES OTIS | alsdce | 1:1995cv00194 | 03/13/1995 | 510 | 04/12/1996 |
| | Cater v. USA | | | | | |
| 3 | CATER, JAMES OTIS | alsdce | 1:2000cv00237 | 03/17/2000 | 510 | 03/20/2000 |
| | Cater v. USA | | | | | |
| 4 | CATER, JAMES OTIS | alsdce | 1:2000cv00237 | 03/17/2000 | 510 | 03/20/2000 |
| | Cater v. USA | | | | | |
| 5 | CATER, JAMES OTIS | alsdce | 1:2006cv00279 | 04/28/2006 | 510 | 05/08/2006 |
| | Cater v. USA (2255) | | | | | |
| 6 | CATER, JAMES OTIS | alsdce | 1:2005cv00551 | 09/30/2005 | 540 | 11/02/2005 |
| | Cater v. Griffin | | | | | |

*Handwritten annotations:*
- (next to row 1) 2255 denied no docs avail.
- (next to row 2) "
- (next to row 3) order denying mtn to vacate under 2255 no docs avail
- (next to row 4) terminated
- (next to row 5, with ✗ mark) mtn. to vacate 2255 30 pages.
- (next to row 6) Mandamus denied

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/18/2007 11:22:58 | | |
| **PACER Login:** | us5059 | **Client Code:** | |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | CATER, JAMES |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

**?** Help

Attachment 7

```
                          ALABAMA DEPARTMENT OF CORRECTIONS          INST:   024
CJP232                    INMATE SUMMARY AS OF 08/02/93              CODE: CRSUM
                                                         EXHIBIT P.

**//***********************************************************************

AIS: 00165506    INMATE: CATER, JAMES OTIS              RACE: B   SEX: M

INSTITUTION: 024 - LIMESTONE CORRECTIONAL CENTER      JAIL CR: 00Y00M03D

DOB: 02/06/45    SSN: 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

ALIAS: CATER, JACK                          ALIAS:

ADM DT: 12/16/91   DEAD TIME: 00Y 00M 00D

ADM TYP: COMMITTED FROM BOND/APPEAL        STAT: COMMITTED FROM BOND/APPEAL

CURRENT CUST: MED-2   CURRENT CUST DT: 10/05/92     PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS I         CURRENT CLASS DATE:   10/13/92
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY      SENT DT / CASE NO    CRIME                  JL-CR      TERM
MORGAN      12/16/91 N88000038 UNLAWFUL POSSESSION CONTROL SU 0003D 005Y 00M 00D CS
                               COCAINE

 TOTAL TERM      MIN REL DT      GOOD TIME BAL    LONG DATE
 005Y 00M 00D    09/25/1993      002Y 10M 03D     12/12/1996

 INMATE LITERAL:
************************************************************************

DETAINER WARRANTS SUMMARY

>>DET WRNT 07/20/93  TYPE: FEDERAL WARRANT      U S MARSHAL*S SERVICE
    LITERAL: POSS W/INTENT TO DIS:CRACK COC     SEQ #: 03    CASE #:

>>DET WRNT 12/23/92  TYPE: FEDERAL WARRANT      U S MARSHALS SERVICE
    LITERAL: CONS POSS W/HT TO DIST CRACK       SEQ #: 02    CASE #:

>>DET WRNT 01/21/92  TYPE: TEMPORARY DETAINER   FBI-NORTHERN DISTRICT
    LITERAL:                                    SEQ #: 01    CASE #:

************************************************************************

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

************************************************************************

DISCIPLINARY SUMMARY
```

CONTINUED ON NEXT PAGE

Attachment 8

DATE: 10/05/93    TIME: 08:30    PAGE: 1

UNITED STATES MARSHALS
PRISONER POPULATION MANAGEMENT SYSTEM
BIRMINGHAM    DISTRICT 01

INDIVIDUAL CUSTODY AND DETENTION REPORT (USM 129)

I. IDENTIFICATION DATA:

USMS NBR: 04999003   NAME: CATER, JAMES OTIS          CUSTODY DATE: 09/24/93   RELEASE DATE: 10/05/93
**P/U FROM LIMESTONE ON J&C DETAINER

STREET:                      CITY:              STATE:    ZIP:    PHONE: --

DOB: 02/06/45   POB: DECATUR    AL  SEX: M   RACE: B   HAIR: BLK   EYES: BRO   HGT: 511   WGT: 220

SSN: 419608703   FBI NBR:          ALIEN NBR:

PRISONER'S ALIASES:           GENERAL REMARKS:


II. CASE INFORMATION:

STATUS: AL-TRANS  BOND AMOUNT:      0.00  BOND TYPE:    COURT CASE NBR: 92-00133 S/AL   ASSOCIATED USMS NBR:


| | CTR OFFENSE | CUST DATE | ARR AGY | SENT DATE | SENTENCE/ REMARKS | APPEAL DATE |
|---|---|---|---|---|---|---|
| 1 | UNKNOWN | 12/08/92 | OTH | **/**/** | | **/**/** |
| 2 | UNKNOWN | 06/25/93 | OTH | **/**/** | | **/**/** |
| 3 | COCAINE | 09/24/93 | USM | 06/15/93 | 0-J00-0 BOP CUSTODY | **/**/** |


III. CHRONOLOGICAL PRISONER HISTORY:

| | INST CTR CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|---|
| 1 | 4A6 | JEFFERSON CO JAIL | 12/08/92 | 12/11/92 | 3 | WHCAF, S/AL |
| 2 | 4A6 | JEFFERSON CO JAIL | 06/25/93 | 06/29/93 | 4 | IN-TRANSIT, FFT LIMESTONE CORR |
| 2 | 4AL | MADISON CO JAIL | 06/29/93 | 07/01/93 | 2 | IN-TRANSIT, FFT LIMESTONE CORR |
| 3 | 4AL | MADISON CO JAIL | 09/24/93 | 10/05/93 | 11 | DESIG FCI MARIANNA (MALE) |

TOTAL DAYS BOARDED    20

****END OF REPORT****

Attachment 9

U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA     JUL 22   3 33 PH '96
### SOUTHERN DIVISION

CLERK'S OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | |
| JAMES OTIS CATER, | ) | 92-00133 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant James Otis Cater has moved for a reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2). The sentence previously imposed in this case has been affected by a recent

amendment to the United States Sentencing Guidelines which reduced the maximum base offense

level applicable to a person convicted of a drug trafficking offense from a level 42 to a level 38.

See Amendment 505, United States Sentencing Commission, Amendments to the Sentencing

Guidelines (effective November 1, 1995) (amending USSG § 2D1.1). The United States

Sentencing Commission has deemed this amendment one which may be applied retroactively. See

USSG §1B1.10(c). Pursuant to 18 U.S.C. § 3582(c)(2), the Court may "reduce the term of

imprisonment, after considering the factors set forth in § 3553(a) ... if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." After

reviewing these factors, the Court finds that a reduction of sentence is appropriate in this case.

In considering whether and to what extent to modify the sentence previously imposed, the

Court deems it unnecessary to require the defendant's presence. "A defendant is entitled to be

present when sentence is imposed[,] ... [and] this right extends to the imposition of a new

sentencing package after an original sentencing package is vacated in its entirety on appeal and

the case is remanded for resentencing." United States v. Jackson, 923 F.2d 1494, 1496 (11th Cir.

1991). This does not, however, "translate into a right to be present whenever judicial action

modifying a sentence is taken." Id. Both the Fifth and Eleventh Circuits have recognized that the presence of the defendant is usually not required when the district court modifies an existing sentence, so long as the modification does not make the sentence more onerous. United States v. Moree, 928 F.2d 654 (5th Cir. 1991); Jackson, 923 F.2d at 1497; cf. United States v. Taylor, 11 F.3d 149 (11th Cir. 1994) (district court could have amended sentence by order but vacating sentence required new sentencing hearing).

The Court is not empowered to vacate and resentence based on an amendment to the Sentencing Guidelines. The commentary to § 1B1.10, which governs the retroactive application of guidelines amendments, states:

> In determining the amended guideline range ..., the Court shall substitute only the amendments [to be applied retroactively] for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

USSG § 1B1.10, comment. (n.2).

Although Jackson involved a sentence reduction under Rule 35 of the Federal Rules of Criminal Procedure, from which defendant's presence is expressly excused pursuant to Rule 43(c)(4), the rationale for permitting a reduction of sentence in defendant's absence is also applicable in the §3582(c) context.[1] The requirement that a defendant be present at sentencing stems from the need to ensure that "the defendant has an opportunity to challenge the accuracy of information the sentencing judge may rely on, to argue about its reliability and the weight the

---

[1]The Court has been unable to locate a case addressing whether a defendant's presence is required for a reduction in sentence under 18 U.S.C. § 3582(c)(2). In the closest case on point, United States v. Townsend, 55 F.3d 168 (5th Cir. 1995), the Fifth Circuit expressly declined to decide whether a § 3582(c)(2) requires a hearing. Instead, the appellate court held that when the sentencing judge is considering whether to reduce the defendant's sentence under § 3582(c)(2), the defendant must be notified if the court intends to consider any additional evidence not considered at the original sentencing hearing and must be given an opportunity to rebut that evidence. There is no additional evidence to be considered in this case.

information should be given, and to present any evidence in mitigation he may have." Jackson, 923 F.2d at 1496-97. The amendment to §2D1.1 has no affect on any of these issues--each of which defendant had the opportunity to address at sentencing. Rather, the amendment simply lowers the base offense level to be applied.

In this case, defendant's original base offense level and total offense level was 40. His guideline range was 292-365 months. Defendant was sentenced to a term of imprisonment of 300 months.

Applying the amended guidelines, defendant's base and total offense level is 38. His amended guideline range is 235-293 months. In accordance with its original intent, the Court will impose a sentence near the low end of the guideline sentencing range.

Accordingly, defendant's motion for reduction is sentence is **GRANTED**. It is **ORDERED** that defendant's term of imprisonment be and hereby is **REDUCED** to two hundred forty (240) months, with all other provisions of defendant's original sentence to remain the same.

DONE this the 22ᵈ day of July, 1996.

_____
**CHIEF DISTRICT JUDGE**

U.S. DISTRICT COURT
SOU. DIST. ALA.
FILED THIS THE
22ᵈ DAY OF July
1996 JUDGEMENT ENTRY
NO. 5347
DEBORAH S. HUNT, CLERK
BY _____
DEPUTY CLERK

CERTIFIED A TRUE COPY
DEBORAH S. HUNT
BY Clara Roberts
Deputy Clerk

VERIFIED Clar Roberts
AGENCY Clerks Off
PHONE # 334-690-2371
DATE/TIME 7-29-96
ISM STAFF D. Kent

3

Attachment 10

09-25-1996  03:08PM                                   1 334 240 3382        P.01



**STATE OF ALABAMA**
# DEPARTMENT OF CORRECTIONS

Central Records Office
1400 Lloyd Street
P.O. Box 301501
Montgomery, Alabama 36130
(334) 240-9500

September 25, 1996

FCI.
Marianna Florida

Please refer to your inquiry regarding the subject named below.

_____ 1.  Subject is incarcerated at _____

_____

_____ 1.  Subject's total sentence is _____
          from _____ for _____

_____ 3.  Present release dates are: Long time _____
          Short time _____ IGT _____

__X__ 4.  Subject released end-of-sentence~~XXXXXX~~ on __9/25/93_____

_____ 5.  The following detainers are currently in effect _____

_____

_____

_____ 6.  We are unable to place a detainer on subject at this time for reason(s) indicated _____

_____ 7.  Subject unable to go to court for reason(s) indicated _____

_____

_____ 8.  OTHER:

Date of Inquiry __9/25/96_____            Sincerely,
Subject's Name __Cater, James Otis__
Subject's AIS# __165506_____

                                              Betty H. Teague
                                              Director
                                              Central Records Office

Enclosure(s)

                                   Attn: Olira
                                        Jordan

TERMINAL—ORI:                ACIC: BG,              NLETS: AL003025C

Attachment 11



**U.S. DEPARTMENT OF JUSTICE**

FEDERAL BUREAU OF PRISONS

NUNC PRO TUNC

April 10, 2001

Southeast Regional Office
3800 Camp Creek Pkwy., S.W. - Bldg. 2000
Atlanta, GA 30331-5099

Inmate's Name      :CATER, James Otis
Register Number    :04999-003
Offense            :Conspiracy to PWITD Schedule II Ctrl. Substance(Cocaine)
Sentence           :240 Mos.
Judicial District  :Southern District of Alabama
Sentence Begins    :06-15-1993
Release Date       :11-12-2010
Designated Facility :FCI Marianna

Warden
Federal Correctional Institution
Marianna, Florida 32446

The United States District Court that sentenced the above individual recommended that the Federal sentence run concurrently with the State sentence. To make this possible, I have designated the above facility for service of the Federal sentence.

Please lodge and maintain a detainer with the local authorities for the duration of the Federal sentence. The date indicated above is the projected release date.

Please request that State authorities notify you 60 days in advance of any release from State custody, or in the event the inmate escapes, dies, or is transferred.

Upon notice of release from State custody, please request Federal designation through the Community Corrections Manager in your district.

I understand that no charge will be made to the Federal Government during the time the inmate is serving the State sentence.

Sincerely,

R.L. Matthews
Regional Director

**STATE CORRECTIONAL AUTHORITY:** This is for notification purposes only and does not limit your discretion in any decision affecting this offender's classification, work, and quarters assignments or other treatment and programs.

Attachment 12



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | CPD |
| **NUMBER:** | 5160.05 |
| **DATE:** | 1/16/2003 |
| **SUBJECT:** | Designation of State Institution for Service of Federal Sentence |

1. **PURPOSE AND SCOPE.** To provide instructions for the designation of a state institution for concurrent service of a federal sentence.

2. **SUMMARY OF CHANGES.** This policy has been rewritten to comply with the "Plain Language" initiative.

3. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

   b. Accurate records and accountability will be maintained by the Regional Inmate Systems Administrator (RISA) for inmates serving federal sentences in state institutions.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

      PS 5160.04    Designation of State Institution for Service of Federal Sentence (4/19/00)

   b. **Directives Referenced**

      PS 5100.07    Security Designation and Custody Classification Manual (9/3/99)

PS 5160.05
1/16/2003
Page 2

| PS 5800.07 | Inmate Systems Management Manual (12/24/91) |
| PS 5880.28 | Sentence Computation Manual-CCCA (2/21/92) |
| PS 5880.30 | Sentence Computation Manual ("Old Law" Pre-CCCA-1984) (7/16/93) |
| PS 5880.32 | District of Columbia Sentence Computation Manual (1/23/01) |
| PS 7300.09 | Community Corrections Manual (7/22/98) |

5. **STANDARDS REFERENCED**

a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4093 and 3-4094

b. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-1E-02 and 3-ALDF-1E-03

c. American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-1E-04 and 2-CO-1E-05

6. **MCC/MDC/FDC APPLICATION.**  This Program Statement applies to pretrial and holdover inmates as indicated in subsequent sections.

7. **STATUTORY AUTHORITY.**  Authority for designating a state institution as the place to serve a federal term of imprisonment is found in 18 U.S.C. § 3621(b), which states:

> **"The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . ".**

a. For inmates who committed the underlying offense before November 1, 1987, a similar provision is found in 18 U.S.C. § 4082(b) (repealed).

b. Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence.  When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple

terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584). (This applies only to federal offenses committed on or after November 1, 1987.)

   c. When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence. United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992).

   d. For federal offenses that occurred prior to November 1, 1987, and there is a previously imposed sentence in existence at the time of federal sentencing and the federal judge is silent as to whether multiple terms run concurrently or consecutively, the RISA will have to research the record and make a determination regarding concurrency.

   e. No concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service.

   f. Authority for commencement of a sentence once a facility is designated is found in 18 U.S.C. § 3585(a) and § 3568 (repealed).

   18 U.S.C. § 3585(a), states,

   **"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."**

   18 U.S.C. § 3568, states in part,

   **"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."**

   g. Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence (see 18 U.S.C. § 3585(a) & § 3568 (repealed)).

8. **AUTHORITY FOR DESIGNATIONS.** The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.

- A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system.

a. Exceptions to the general rules regarding concurrent designation may be based on the merits of a particular case.

Information reviewed will include:

- inmate discipline history,
- institutional adjustment,
- recommendations of the Wardens at the state and federal institutions,
- the recommendation of the prosecuting Assistant U.S. Attorney,
- intent of the federal sentencing court, if available, and
- any other pertinent information regarding the inmate.

b. In the event of an "exception," the above information will be sent to the appropriate RISA who will coordinate a response.

The Regional Director is the final authority to determine exceptions.

9. **CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

a. Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.

b. When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation. Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent. Ordinarily, this intent is made known in one of the following ways:

PS 5160.05
1/16/2003
Page 5

(1) **Court Order.** The sentencing court orders, on the Judgment & Commitment Order or the Judgment in a Criminal Case (J&C), that the federal sentence be served concurrently with a state sentence. The court may make clear its intent by using language similar to:

- "Said sentence to run concurrently with the state sentence the defendant is presently serving."

- "Sentence to run concurrently with sentence imposed under Docket 168-88, San Diego County Court, on     May 14, 1988."

- "Sentence is hereby ordered to run concurrently with any other sentence presently being served."

- "Sentence to begin immediately."

(2) **Court Recommendation of Non-Federal Confinement.** The sentencing court recommends a non-federal institution as the place of confinement on the J&C. Most J&Cs have a preprinted area for recommendations with language similar to: **"the court makes the following recommendations to the Bureau of Prisons..."**

If the inmate was in primary non-federal custody, (i.e., produced on writ), and the court uses the preprinted phrase and adds the name of a state institution, this will be accepted as a court recommendation for concurrent service. This wording could also appear in the body of the J&C.

(3) **Concurrent Service of Sentence After Imposition.** The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition.

(4) **Inmate Request.** Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in     Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.

PS 5160.05
1/16/2003
Page 6

(a)  In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.

- However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

(b)  This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution.  Information will be gathered, if available,  to include:

- a copy of the federal and state J&Cs,
- the state sentence data record to include jail credit, and
- any other pertinent information relating to the federal and state sentences.

(c)  In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d)  If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(e)  No letter need be written if it is determined that a concurrent designation is not appropriate.  If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written.

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.)  The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J&C file.

(f)  The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other

sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

(5) **State Request.** Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.

(a) The RISA will gather and review all information pertaining to the federal and state sentences. After reviewing this information carefully, if necessary, the RISA will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. A courtesy copy of this correspondence will be forwarded to the appropriate U.S. Attorney. (The same procedures apply as outlined in subsections 4.c. and d., Inmate Request.)

(b) If the court has no objections, the state institution may be designated as the place to serve the federal sentence concurrently with the state sentence, according to the procedures detailed in this Program Statement.

> **Note:** The Bureau will not, under ordinary circumstances, such as overcrowding in a state institution, accept transfer of the inmate into federal custody for concurrent service.

10. **RESPONSIBILITIES.** The following procedures are to be used when a state institution is designated for the concurrent service of federal and state sentences. (See the **Security Designation and Custody Classification Manual** for procedures when a federal inmate transfers from a federal to a non-federal institution for concurrent service of a federal and state sentence.)

a. **Notification to Regional Director.** The Regional Director, of the region where the state institution is located, will be notified of the federal court's order that the federal sentence run concurrently with the state sentence. This notification will be received from the Community Corrections Manager (CCM). The CCM forwards the Regional Office a copy of:

- the inmate's J&C Order,
- the federal register number,
- the U.S. Marshals Tracking Form (USM-129),
- the Pre-Sentence Investigation Report (PSI), and
- any other available pertinent information.

b. **Designation**.  The RISA, through the Regional Director, may make a nunc pro tunc designation to the non-federal institution using a letter to the U.S. Marshals Service (USMS)(Attachment A).

(1)  As part of the designation process, a date is specified nunc pro tunc (i.e., occurring now as though it had occurred in the past) as the effective date the sentence will begin.

(2)  Specifying a nunc pro tunc designation ensures that time lost in administrative processing is not passed on to the inmate. It is this designation that allows the federal sentence to commence.

(3)  As the recommendation for concurrent service, in most cases, is received after the imposition of sentence, the nunc pro tunc designation will normally be effective from the original date of sentencing, unless otherwise indicated in the subsequent order.

(4)  Since the inmate is primarily in state custody, all decisions regarding confinement and classification are at the sole discretion of the state authorities.  A copy of the letter will be forwarded to the USMS in the district where the state institution is located as notification to lodge a detainer.

(5)  The letter, along with sentence computation data sheet, will be mailed to the appropriate state department of corrections; an informational copy will be sent to the USMS in the sentencing district; and a copy to the U.S. Parole Commission (USPC), if appropriate.  A copy of the letter will be placed in the J&C file, maintained by the appropriate RISA.  The sentence computation data sheet will also be mailed to the inmate.

(6)  Should the court order concurrent service of the federal sentence after the inmate is received in federal custody, the RISA will determine whether a nunc pro tunc order is appropriate.

(7)  By action of a nunc pro tunc order, the Federal sentence may commence on the date of its imposition or on a subsequent date that will not cause the inmate to be a late release by virtue of the nunc pro tunc order.

(8)  Should a nunc pro tunc designation be granted, a thorough review of jail credit (Willis/Kayfez) must be conducted as outlined in the sentence computation manuals.

(9)  If the nunc pro tunc designation results in a date that

PS 5160.05
1/16/2003
Page 9

would make the inmate "past due" for release, such designation will
be retroactive to a point in time that the sentence, when calculated
in the same manner as any other sentence, results in a release date
that affords the institution time to conduct normal release
processing.

(10)  If the D.C. Superior Court recommends designation of a
state institution for service of a D.C. sentence, the RISA in the
appropriate region will gather and review all information pertaining
to the D.C. sentence.  If it is determined that a nunc pro tunc
designation is warranted, a copy of the designation letter along
with other relevant information will be forwarded to the D.C.
Records Center (DCRC) for computation of the D.C. sentence.  The
DCRC will maintain an administrative file, compute the sentence, and
will be responsible for all computation updates.

Should an update be required to the D.C. state concurrency
sentence computation, the RISA will provide all appropriate
documentation to the DCRC.  Once the DCRC updates the sentence
computation, they will notify the RISA via GroupWise.

c.  **Files**.  The RISA is to maintain a file on all state
concurrency cases.  Each file will contain the following:

- the J&C Order,
- the USM-129,
- a copy of the letter to the USMS (Attachment A),
- the PSI, and
- a signed/certified copy of the Sentence Data Computation
  Sheet.

(1)  When the inmate satisfies the federal sentence, copies of
release certificates, as well as the notifications to state
authorities, the USMS, U.S. Probation Office, and the USPC, will be
placed in the file.  Concurrency files will be retained until the
sentence expires and then they will be sent to the appropriate
Federal Records Center in accordance with the Inmate Systems
Management Manual.

(2)  If the inmate is eligible for parole, the RISA will send
the following to the USPC:

- the letter to the USMS (Attachment A),
- the J&C Order,
- the USM-129,
- the PSI,
- a copy of the Sentence Data Computation Sheet, and
- any other available pertinent information.

(3)  If a copy of the inmate's PSI is not provided in the designation packet, the RISA will request a copy from the U.S. Probation Office.

d.  **Sentence Computation.**  The RISA is responsible for:

- computing the inmate's sentence (with the exception of D.C. Code sentences),
- posting awards of Extra Good Time (EGT),
- notifying the USMS and the state department of corrections of the inmate's release date, and
- completing all necessary SENTRY transactions.

(1)  The RISA has the final approval for state recommendations for EGT.  EGT awards for inmates in state institutions must be consistent with the requirements for those in federal institutions (see the sentence computation manual).

(2)  The maximum amount of Statutory Good Time (SGT) or Good Conduct Time (GCT) an inmate is entitled to receive will be awarded unless documentation provided by state authorities recommends a forfeiture of SGT or disallowance of GCT based on the inmate's behavior.

After reviewing the documentation provided by the state, the RISA will determine, in consultation with the Regional Discipline Hearing Administrator or Regional Counsel, whether some or all of the SGT or GCT should be forfeited/disallowed.

e.  **Release**

(1)  Should an inmate be released from the non-federal jurisdiction before the statutory release or parole date of the federal term of imprisonment, the USMS will assume custody.  The USMS may request designation from the respective CCM 30 days prior to assuming custody of the inmate.  The USMS must provide documentation verifying the completion of the state sentence.  The RISA is then to forward all inmate files (Central, Medical, and J&C) to the designated federal institution.

PS 5160.05
1/16/2003
Page 11

(2)  If the federal term expires prior to the inmate's release from the non-federal jurisdiction, the RISA is to notify the state department of corrections, the USMS, and the USPC (if necessary). The RISA will complete the appropriate release paperwork as it pertains to the confinement portion of the federal sentence.  Upon receiving the release notification, the USMS will withdraw the detainer.

f.  **Monitoring.**  The RISA will establish a system to monitor release dates of concurrent sentences so that timely notification will be made to state authorities, the USMS, and the USPC (if necessary).  This may be accomplished by using:

- a SENTRY release roster,
- a log, or
- any other method that enables the RISA to monitor release dates.

(1)  The USPC will prepare certificates for inmates scheduled for release on parole.  The RISA will ensure that any parole certificates received on a state concurrency case are accurate and any discrepancies are reported to the USPC.  Normally, the RISA prepares the mandatory release and special parole term certificates.

For the completion of any other release paperwork, refer to the Inmate Systems Management Manual.  For information on fines and restitution, refer to the appropriate program statements.

(2)  A term of supervised release that follows a federal sentence will not commence until the inmate is released from all periods of confinement.  When an inmate has a term of supervised release and the federal sentence expires prior to the state term, the RISA will ask the state authorities to notify the U.S. Probation Office 30 days prior to release from state custody.  The RISA will forward a courtesy copy of the request to the U.S. Probation Office.

g.  **Primary Jurisdiction.**  When it has been determined an inmate was committed improperly to federal custody and primary jurisdiction resides with a state sovereign (i.e., the inmate was under jurisdiction of the federal sentencing court on the basis of a writ of habeas corpus ad prosequendum), institution staff, through the RISA, will make every effort to return the inmate to state custody.

PS 5160.05
1/16/2003
Page 12

A return to the state means that the federal sentence should be considered as **not** having commenced since transfer to the Bureau was in error and the prisoner should have been returned to the state after federal sentencing as a required condition of the federal writ (see <u>Crawford v. Jackson</u>, 589 F.2d 693 (D.C. Cir. 1978)).  The federal J&C will be lodged as a detainer, through the USMS, with the state authorities.  If the federal court recommends concurrent service of the federal and state sentences, the case should be referred to the appropriate RISA.

/s/
Kathleen Hawk Sawyer
Director

PS 5160.05
1/16/2003
Attachment A, Page 1

## Sample Letter to U.S. Marshal

```
Date                 :
Inmate's Name        :
Register Number      :
Docket Number        :
Offense              :
Sentence             :
Judicial District    :
Sentence Begins      :
Release Date         :
Designated Facility  :
```

U.S. Marshals Service                Maryland Dept. of Corrections
District of Maryland                 6776 Reisterstown Road
605 U.S. Courthouse                  Suite 310
101 West Lombard Street              Baltimore, MD 21215-2341
Baltimore, MD 21201

Attn: Criminal Desk

The United States District Court that sentenced the above individual recommended that the federal sentence run concurrently with the state sentence.  To make this possible, I have designated the above facility for service of the federal sentence.

Please lodge and maintain a detainer with the local authorities for the duration of the federal sentence.  The date indicated above is the projected release date.

Please request that state authorities notify you 60 days in advance of any release from state custody, or in the event the inmate escapes, dies, or is transferred.

Upon notice of release from state custody, please request federal designation through the Community Corrections Manager in your district.

I understand that no charge will be made to the federal government during the time the inmate is in service of the state sentence.

Sincerely,


Regional Director

**STATE CORRECTIONAL AUTHORITY:**  This is for notification purposes only and does not limit your discretion in any decision affecting this offender's classification, work, and quarters assignments or other treatment and programs.

Attachment 13



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.



**U.S. Department of Justice**
Federal Bureau of Prisons

# Change Notice

**DIRECTIVE BEING CHANGED:** 5880.28
**CHANGE NOTICE NUMBER:** CN-03
**DATE:** February 14, 1997

---

1. <u>PURPOSE AND SCOPE</u>.  To update certain sections of the **Sentence Computation Manual-CCCA** pertaining to the **Sentencing Reform Act of 1984** implementation procedures.

2. <u>DIRECTIVE RESCINDED</u>

   OM 069-96 (5880)    Date of Offense for ("New Law") Supervised Release/Probation Violators (06/11/96)

3. <u>SUMMARY OF CHANGES</u>

   a. **Pages 1 - 8 through 9A.**  A new penalty provision **((c)(1))** has been added to 18 U.S.C. § 3559 by the VCCLEA.

   b. **Pages 1 - 11 through 11C.**  Implementation instructions for new 18 U.S.C. § 3561**(a)(3),** which authorizes imposition of a "split sentence" for a petty offense, are provided.

   c. **Pages 1 - 14 through 14A.**  Reference to a rescinded Program Statement was removed and more definitions were added.

   d. **Pages 1 - 14B through 14C.**  Language was added to clarify the date of offense determination criteria for an escapee.

   e. **Pages 1 - 14C through 16.**  Clarification language for making date of offense determinations is added; the "official detention" definition is reinforced and further explained.

   f. **Pages 1 - 16A through 16B.**  Instructions for determining 18 U.S.C. § 3585(b)(1) credit are expanded.

   g. **Pages 1 - 17 through 19.**  Clarification language about vacated sentences is added.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

    c.  **Prior Custody Time Credit.**  The SRA includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to "credit for prior custody" <u>and is controlling for making time credit determinations for sentences imposed under the SRA</u>.  Title 18 U.S.C. § 3568, repealed effective November 1, 1987, as implemented by the <u>"Old Law" Sentence Computation Manual</u>, remains the controlling statute for all sentences imposed for offenses that occurred on or after September 20, 1966 up to November 1, 1987.

    <u>Statutory Authority</u>:  Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, "**A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--**

        **(1) as a result of the offense for which the sentence was imposed; or**

        **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

    **that has not been credited against another sentence."**

    <u>Definitions</u>:

    **Raw EFT:**  The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time.  (Inoperative time that may affect either the state or federal **Raw EFT** shall be referred to the RISA for assistance.)

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 17

arrest for Failure to Appear shall, of course, be given off the
Failure to Appear sentence.                                          *

          2  Credit will not be given for any portion of
time spent serving another sentence regardless of whether the
sentence is federal, state, or foreign.  The following exceptions
apply:

               a  Time spent serving another foreign or
state sentence that is vacated may be creditable as prior custody
time credit provided the sentence was not vacated merely for
resentencing.  Any such time which is credited must be time spent
after the commission of the federal offense.  If a vacated state
or foreign sentence results in a re-trial and subsequent
resentencing, any credit applied to that resentencing must be
removed from the federal sentence computation, provided the
inmate has not yet been released from that sentence.

               b  Time spent serving another federal,
foreign or state sentence that is vacated merely for resentencing
shall not have any effect on the SRA sentence computation until
such time as the inmate is resentenced.  If the resentencing
results in a term which is less than the time the inmate has
already served on the vacated sentence, the excess time not now
credited to any other sentence shall be credited to the SRA term
provided it was time spent after the commission of the federal
offense.

Attachment 14

U.S. DEPARTMENT OF JUSTICE

**REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Cater, James**     **04999-003**   **Mon**   **FPC Montgomery**
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A– INMATE REQUEST**

I am entitled to credit against the current 240-month federal sentence for the 5-year sentence, completed in 22-months, in the Alabama Dept. of Corrections, for unlawful possession of a controlled substance (cocaine), which was the subject of the current federal conspiracy sentence. **18 U.S.C. § 3585(b)** provides "request for credit against federal sentence for time served in state prison must be made, in first instant, to Attorney General through Bureau of Prison upon imprisonment after sentencing..." **Rogers v. U.S.,** (1999, CA1 NH) 180 F.3d cert. denied (2000, US) 145 L Ed 2d 831, 120 S Ct 958. **18 U.S.C. § 3585(b)(2).** The sentencing court found my the State case to be related to the instant case for § 3585 purpose.

**Wherefore,** for the foregoing reason I am respectfully requesting a minimum the 22-months spent in state custody for related offense be credited against the federal sentence 240-months.

Jan. 26, 2007
DATE                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 449726-F1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 441726-F1

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                    Previously BP-DIR-9

BP-229(13)
APRIL 1982

**U.S. Department of Justice**    **RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

| From: | Cater, James | 04999-003 | Montgomery-H | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part B- RESPONSE**

This is in response to your BP-9 receipted January 30, 2007, in which you request a minimum of 22 months be awarded on your federal sentence for time spent in state custody.

A review of your Judgment and Commitment file documents shows that you came into federal custody via a writ of habeas corpus from state custody on December 8, 1992. The United States District Court, Southern District of Alabama, sentenced you to a 300-month term of imprisonment without parole on June 15, 1993. On July 1, 1993, you were returned to state custody. Documents show you came back into federal custody on September 24,1993, for service of your federal sentence. An order received from the United States District Court, Southern District of Alabama, dated July 22,1996, reduced the term of imprisonment from 300 months to 240 months. A "Nunc Pro Tunc" designation was granted April 10, 2001, by the Regional Director, and your federal sentence began the date it was imposed rather than when you came into federal custody for service of your federal sentence.

**18 U.S.C. § 3585(b)-Credit for prior custody, states, "A defendant shall be given credit toward the service of a term if imprisonment for any time spent in official detention prior to the date the sentence commences:**

**(1) as a result of the offense for which the sentence was imposed;**
                                    **or**
**(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

**that has not been credited against another sentence."**

Program Statement 5880.28,Change Notice-03, <u>Sentence Computation Manual CCCA</u>, dated February 14, 1997, page 1-14, states, Statutory Authority: "Prior custody time credit is controlled by 18 U.S.C. § 3585(b)...."

Based on statute and policy, credit cannot be awarded for the period requested because it was credited against your state sentence. Your request for relief has been denied.

In accordance with Program Statement Number 1330.13, Administrative Remedy Program, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

_____                    _____
          Date                                        Warden

MON 1550.11A
ATTACHMENT A

## FPC MONTGOMERY, AL.
## INFORMAL RESOLUTION FORM

DATE: _1-19-07_        STAFF SIGNATURE: _[signature]_

INMATE NAME: _Center, James_        REG. NO. _04999-003_  Inf. Rs.# _521_

**NOTICE TO INMATE:** You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: _I am Seeking Credit for 5-Year Sentence Completed in Alabama Dept of Corrections (related offense) (Case No N880000-38)) for Unlawful possession of a Control Substance._

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: _I made an informal request to ISM, which was rejected_

3. STATE WHAT RESOLUTION YOU EXPECT: _The Attorney General shall give any such Person credit toward of his sentence service of his sentence... 18 U.S.C. § 3585(b)_

INMATE SIGNATURE: _James Center_    DATE: _1-19-07_

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: _The ISM Manager, in talking with you has answered this question. There is no relief at this level to be considered._

COUNSELOR'S SIGNATURE: _[signature]_    DATE: _1-24-07_
UNIT MGR'S REVIEW: _[signature]_    DATE: _1-25-07_

STAFF ACTION:

_____ NOT ACTED ON-STATE REASONS IN COMMENTS
_____ INFORMALLY RESOLVED
_____ NO INFORMAL RESOLUTION-(BP-9) ISSUED
_____ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| | Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|---|
| Date: | 1-22-07 | 1-25-07 | 1-29-07 | 1-30-07 |
| Time: | 1300 | 1700 | 4:00 P.M. | 8:00 Am |
| Counselor: | John Stahly | John Stahly | C. Morris | C. Morris |

U.S. Department of Justice
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _Cater James_ _04999-003_ _Alw_ _Montgomery_
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** The Supreme Court weighed in on a similar situation in the case **U.S. v. Wilson**, 503 U.S. 329, 117 L.Ed.2d 593, 112 S.Ct. 1351 (1992). The Court concluded: "[Our] interpretation of § 3585(b), however, does not render the 1987 revision meaningless. Congress altered § 3568 in at least three ways when it enacted § 3585(b). **First**, Congress replaced the term "custody" with the term "official detention." **Second**, Congress made clear that a defendant could not receive double credit for his detention time. **Third**, Congress enlarged the class of defendants eligible to receive credit. Under the old law, a defendant could receive credit <u>only</u> for time he spent in custody in connection with "the offense ... for which sentence was imposed."

Under the new law, a defendant may receive credit both for this time and for the time spent in official detention in connection with "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." In light of these revisions, and for the foregoing reasons, we concluded that the Attorney General may continue to compute the amount of the credit." <u>Id</u> 503 U.S. at 337. (Cont. on attached page).

_2/23/07_
DATE

_Jim. Oliv Cater_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY    CASE NUMBER: _441726-R1_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____    _____    _____    _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
USP LVN    DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL    BP-230(13)
APRIL 1982

**(Cont. BP-10)**

I agree with the Warden's factual assessment in response to my BP-9. However, I respectfully disagree with her conclusion in that "based on statute and policy, credit cannot be awarded for the period requested before it was credited against your state sentence." Here, I would have to refer back to **Wilson**, supra "[a] defendant may receive credit both for this time and for the time spent in official detention..". This is a related case, under § 5G1.3 and Application Note 2(C) coupled with the requirements under § 3553, the Court should have taken the 5-year state sentence into account, at the same time impose the same 240-month sentence. The court a the Probation officer both agreed that my criminal history category history is one*(1), with a base offense level 38, which included the amount of cocaine possessed in the state case to calculate my base offense level of 38. Had both cases been resolved in the federal court, the court would be compelled to impose a current sentence to avoid the question of Double Jeopardy. <u>See</u> **U.S. v. Richardson**, 901 F.2d 867 ("Under the plain language of § 3585(b)(2), <u>Richardson</u> is entitled to credit for the time he spent in state custody..." <u>Id</u>.

I reiterate the Warden's conclusion "credit cannot be awarded ... because it was credited against another sentence" is clearly erroneous. Assuming, for argument sake that the warden is correct, in light of **U.S. v. Petite**, (Petite policy) my entire federal sentence would be fundamentally intolerable, because the U.S. Attorney for the Southern District failed to acquire the approval of the Assistant Attorney General to initiate the federal prosecution following the said state prosecution for the same act or episode* <u>Id</u>. 361 U.S. 529, 4 L.Ed.2d 490, 80 S.ct. 450 (1960); see also **Rinaldi v. U.S.**, 434 U.S. 22, 28-29. (This Executive policy serves to protect interest which, but for the 'dual sovereignty' principle inherent in our federal system, would be embraced by the Double Jeopardy Clause. As indicated above, had the sentencing court considered the requirements of § 5G1.3 and Note 2(C), I could have gotten credit for the entire five-year state sentence, and yet be sentenced to 240-months, thus satisfying § 3553 factors. <u>See</u> 18 U.S.C. § 3584 ("...the term may not run consecutively for **Attempt** and for another offense that was the sole objective of the attempt." <u>Id</u>.

*2/23/07*
_____
* **Letter** from Probation Officer
*
**Dept. of Justice's** Request Number: 05-2003

Respectfully submitted

*James Otis Cater*

DATE: February 23, 2007

Regional Administrative Remedy Appeal No. 441726-R1
Part B - Response

This is in response to your Request for Administrative Remedy Appeal receipted March 5, 2007. You state your sentence computation is incorrect. You allege you are entitled to 22-months of credit for the time you spent in state custody. As relief, you request this credit be applied toward your federal sentence.

We have reviewed your complaint and determined the Warden's response adequately addresses the concerns raised in your administrative remedy. As you were previously informed, in accordance with Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual-CCCA</u>, your sentence has been computed correctly. You provide no additional information to support your claim your sentence computation is incorrect.

Accordingly, this Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of the General Counsel within 30 calendar days of the date of this response.

_____3/27/07_____
Date

_____
Regional Director, SERO

U.S. Department of Justice

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

From: | Cater    James    Otis | 04999-003 | Montgomery | FPC Montgomery
--- | --- | --- | ---
 | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** In Sept., 1990, I pled guilty in the Circuit Court of Morgan County , Alabama to an indictment which charged unlawful possession of a controlled substance (cocaine), and was sentenced to 5-years in state prison as a result. On June 15, 1993, I was sentenced to 300-months in federal prison for conspiracy to possess with intent to distribute cocaine which resulted from the same "act" or "episode" which was the subject of the previous State case. My 300-month federal sentence was later reduced to 240-months in prison in wake of U.S.S.G. 505 by the Sentencing Commission. In early Nov., 2005, I acquired documented proof from the U.S. Dept. of Justice to support the fact, the federal prosecution was NOT approved by the Asst. Attorney General as required by the U.S. Attorney's Manual 9-2.031 (Sept., 1997), commonly known as the **Petite Policy**, tract the DOJ's rule "forbidding a federal prosecution after a previous State prosecution based on the same acts, unless **(1) the prosecution has been approved by the Assistant Attorney General.**" See Rinaldi v. U.S., 434 U.S. 22, 28-29 (1977)("This Executive policy serves to protect interest which, but for 'dual sovereignty principle' inherent in our federal system, would be embraced by the Double Jeopardy Clause") (quoting Petite v. U.S., thus, my request for relief is two-fold. **(CONTINUED ON PAGE # 2)**

2/23/07 — 5-18-07
_____
DATE

_James Otis Cater_
_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED
MAY 30 2007
Administrative Remedy Section

RECEIVED
JUL 16 2007
Regional Counsel's Office - SERO
Bureau of Prisons

_____ | GENERAL COUNSEL 441726-A2
DATE | CASE NUMBER: _____

SECOND COPY: REGIONAL FILE COPY
_____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____ | _____ | BP-231(13)
DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | APRIL 1982
 | Previous editions not usable

**PAGE # 2 cont.**

With regards to my previous Administrative remedies, the Regional Director agreed with the Warden here at FPC Montgomery in rejecting my BP-10 (see attachments BP-9 & BP-10). The Warden states: "Program Statement 5880.28, Change Notice-03, Sentence Computation Manual CCCA, dated February 14, 1997, page 1-14, states, Statutory Authority: "Prior custody time credit is controlled by 18 U.S.C. §3585(b).... Based on statute and policy, credit cannot be awarded for the period requested because it was credited against your state sentence. Your request for relief is denied." Id. Neither the Warden or Regional Director address the issue concerning the Petite Policy. A proper review of my request, as noted earlier may be two-fold. For example, had the sentencing court entertained the matter during the sentencing hearing, U.S.S.G. § 5G1.3 and Note 2 would have compelled the court to grant the relief I currently seek. Moreover, "when a defendant is convicted in a separate trials of two crimes that would have been grouped for sentencing purposes if they had been consolidated in a single trial, the court conduct the second trial should impose a total sentence commensurate with what the defendant would have received if the offenses had been the subject of a single trial, this is so even if the second court would have to depart downward from the Guideline to achieve such a result." U.S.S.G §5G1.3 comment Note. n.2: Lechuga 975 F.2d at 400 ("when a defendant has been convicted of an underlying offense ... at a single offense trial, a Application Notes to the Sentencing Guidelines expressly provide that those offenses dhould be grouped for sentencing.") See U.S. v. Sarna, 28 F.3d at 659. See also, U.S. v. James H. Baisden, No. 98-8010 (11th Cir. Aug. 17, 1999)(agreed with courts construing similar provisions, that such a term of imprisonment can include prior State sentences.

"[A] search for records located in the United States Attorney's Office for the Southern District of Alabama has revealed NO records." This is the DOJ response to my request for a showing that the U.S. Attorney's Office, in my case, failed to follow its own policy as required by U.S. Attorney Manual (9-2.031 (Sept., 1997)) and the Petite policy itself. As a result of the U.S. Attorney's Office acts and/or omission, the Double Jeopardy Clause of the Fifth Amendment is implicated when ever a criminal is placed twice in jeopardy for the same offense. This alone renders my federal sentence null and void.
For the BOP to reject my request for time served in state prison, contrary to the conclusion of both the Court as well as the Probation Officer, which concluded that "the conviction in ¶ 48 of the PSR (state conviction) ... was related to federal case."
The Regional Director, adopting the Wardens conclusion, erroneously suggesting that the relief requested was credited against "another sentence." In Baisden, supra, the Eleventh Circuit agreed with the courts construing similar provisions, that such a term of imprisonment can include prior state sentences.
I respectfully request all relief appropriate under the circumstance stated herein.

Respectfully submitted

DATE: April _17_, 2007

_May 18, 2007_

**Administrative Remedy No. 441726-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request credit toward your federal sentence for time spent in state custody. You also claim that the federal court did not consider case law or the United States Sentencing Guidelines when imposing your federal sentence.

A review of your record reveals that at the time your federal sentence was imposed, you were under the primary jurisdiction of Alabama State authorities. You were produced in federal court pursuant to a writ and, after sentencing, you were returned to Alabama State authorities for disposition of their charges. You were then released from the Alabama State sentence to U.S. Marshals custody on September 24, 1993, and your federal sentence began. On April 10, 2001, you were granted a *nunc pro tunc* designation by the Southeast Regional Office and your federal sentence was calculated to begin on the date it was imposed, June 15, 1993, thereby granting you partial credit by designating the State of Alabama as the place of service of the federal term. Federal statute prohibits the Bureau of Prisons from awarding credit for all of the time you are requesting as it was time spent in the service of your state sentence. Any concern you have regarding your federal sentence and the appropriateness of the sentence imposed should be addressed with the sentencing court. Your sentence has been computed as directed by federal statute and Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>.

Your appeal is denied.

July 9, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
### U.S. Probation Office

William W. Wynne, Jr.
Chief U.S. Probation Officer

Post Office Box 2985
Mobile, Alabama 36652
(334) 441-6800
Fax (334) 441-6810

May 23, 2000

James Otis Cater
Reg.# 04999-003
P.O. Box 7007 M/B
Marianna, FL 32446-7007

Dear Mr. Cater:

This letter is in response to your letters dated May 2, 2000 and May 17, 2000 as well as my response dated May 9, 2000, to your letter dated May 2, 2000.

Upon further review of the judges' "Reasons for Imposing Sentence:", I apologize in that, the court found that the conviction in paragraph 48 of the presentence report should not have criminal history points, in that it was a related case to the federal case. No criminal history points were assigned to paragraph 48 and the criminal history category was "I."

For your information, once an individual is sentenced, the probation officer does not have the authority to make changes in a presentence report. It is suggested that you contact your case manager and ask him to review the report of "Statement of Reasons for Imposing Sentence", wherein the court determined that paragraph 48 was related to the federal offense and no criminal history points were assigned. Upon contact with your case manager, you may apply through the Bureau of Prisons (and not through this court) for possible credit for the time you have spent in state custody since the time of your federal sentencing. When you apply for this credit, if the regional director of the Bureau of Prisons believes you are eligible to receive it, he or she will send a letter to the judge to see if he has any objection to the granting of credit for the time you spent in state custody, after your federal sentencing date was imposed. If the judge does not object to you receiving this credit, your release date will be computed, starting your federal sentence as early as the date your federal sentence was imposed. There is no guarantee that the judge will approve this credit; it will not be considered until the Bureau of Prisons requests his approval.

Page Two
James Otis Cater

The only further involvement by this court, during your period of imprisonment, will be to respond to the Federal Bureau of Prisons for a request for approval or non-approval of the grant of credit for time served in the state, if the Bureau believes you are eligible for such credit.

Sincerely,

H. Morris Northcutt, Jr.
U.S. Probation Officer
Southern District of Alabama

HMN/chl

Request Number:  05-2003                          Date of Receipt:  May 24, 2005

Requester:   James O. Cater

Subject:   Self (authorization to prosecute)

Dear Requester:

 In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ] A search for records located in this office has revealed no records.

2. [X] A search for records located in the United States Attorney's Office(s) for the __Southern__ __District of Alabama__ has revealed no records.

3. [ ] The records which you have requested cannot be located.

4. [ ] This office is continuing its work on the other subject/districts mentioned in your request.

5. [X] This is the final action my office will take on this particular request.

 You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

 Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

 After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

James Otis Cater )
)
   Petitioner, )
)
   v. )   Civil Action No. 2:07-cv-739-MEF
)
Darlene Drew )
)
   Respondent. )

## Declaration of Forest B. Kelly

I, Forest B. Kelly, do hereby certify, declare, and state as follows:

1.    I am employed by the Federal Bureau of Prisons ("BOP") as a Correspondence Specialist at the Designation and Sentence Computation Center, in Grand Prairie, Texas. I'm over the age of 21 years and have access to relevant information pertaining to this matter.

2.    Included in my duties as Correspondence Specialist is to review sentence computations of federal inmates. I have knowledge of BOP policies and procedures pertaining to the interpretation and implementation of policy and computation of federal sentences.

3.    I have reviewed the Habeas Petition submitted by inmate James Otis Cater, federal register number 04999-003, wherein he seeks additional credit toward his federal sentence in the amount of approximately 18 months for time spent in state custody from December 16, 1991, to June 14, 1993. In response, I conducted an audit of inmate Cater's sentence computation, and conclude he is not entitled to this credit.

4.     Program Statement 5880.28, Sentence Computation Manual, CCCA of 1984
incorporates the statutory regulations of 18 U.S.C. §§3584, 3585, and provides
guidelines on sentence calculation matters for the BOP.  Subsection (b) of Section
3585 provides, "A defendant shall be given credit toward the service of a term of
imprisonment for any time he has spent in official detention prior to the date the
sentence commences- (1) as a result of the offense for which the sentence was
imposed; or (2) as a result of any other charge for which the defendant was arrested
after the commission of the offense for which the sentence was imposed; that has not
been credited against another sentence."  The BOP interprets this as meaning credit
will not be given for any portion of time spent serving another sentence regardless of
whether the sentence is federal, state or foreign.

5.     On December 11, 1990, inmate Cater was sentenced in the Morgan County
Circuit Court, Decatur, Alabama, under Case Number CC88-038, to a   3-year state
term of confinement for Possession of Cocaine.  On December 16, 1991, Cater was
committed to the Alabama Department of Corrections (ADOC).  Cater was committed to
the ADOC from Bond/Appeal status, for the service of a 5-year state term of
confinement for Unlawful Possession of Controlled Substance - Cocaine, in Case
Number N88000038.

6.     On December 8, 1992, Cater was temporarily transferred to federal custody
pursuant to a Writ.  On June 15, 1993, Cater was sentenced to a 300-month federal
term of confinement for Conspiracy to Possess with Intent to Distribute a Schedule II
(Cocaine) Controlled Substance.  On July 22, 1996, the federal sentence was reduced
to a term of 240 months, pursuant to a court order.  Cater was properly returned to
state custody on July 1, 1993.

7.     On September 25, 1993, Cater released from the 5-year state term of
imprisonment.  He was transferred to Bureau custody on October 20, 1993.  On April
10, 2001, the Bureau designated, nunc pro tunc, the ADOC as the place of
imprisonment for service of the federal sentence, thereby commencing Cater's federal

sentence on June 15, 1993, the date of imposition. This action was in accordance with Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence.

8.      As noted above, Title 18 U.S.C. § 3585(b), precludes the application of credit for time spent in the service of another sentence. Therefore, the period of time Cater spent in the service of his state sentence from December 16, 1991, to June 14, 1993, cannot be credited toward his federal sentence because that time was applied against his state sentence. Thus, the sentence computation was prepared for Cater based on a 240-month term of confinement beginning on June 15, 1993, with credit for time spent in official detention from October 28, 1987, to October 31, 1987.

I declare under the penalty of perjury and pursuant to 28 U.S.C. 1746 the foregoing is true and correct to the best of my knowledge and belief.

Executed this /8ᵀᴴ day of October, 2007.


Forest B. Kelly, Correspondence Specialist
Designation and Sentence Computation Center
Federal Bureau of Prisons
Grand Prairie, Texas