IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES OTIS CATER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:07cv739-MEF |
| | ) | |
| DARLENE DREW, | ) | |
| WARDEN, FPC MONTGOMERY, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On October 24, 2007 (Doc. No. 12), Respondent filed a response addressing the claims for relief presented in the instant 28 U.S.C. § 2241 habeas corpus petition. In this response, Respondent contends that the petition for habeas corpus relief is due to be denied because Petitioner is entitled to no relief on the claims presented therein. Specifically, Respondent argues that **(a)** to the extent Petitioner challenges the constitutionality of his drug conspiracy conviction entered in the United States District Court for the Southern District of Alabama, his claims are not cognizable in a 28 U.S.C. § 2241 petition and are duplicative of claims presented in a prior habeas petition wherein the court determined that Petitioner was not entitled to relief, and **(b)** to the extent Petitioner argues that the Federal Bureau of Prisons has incorrectly calculated his sentence pursuant to the requirements of 18 U.S.C. § 3585, his claims lack merit.

Accordingly, it is

ORDERED that **on or before November 15, 2007,** Petitioner may file a reply to Respondent's response. Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. At any time after the deadline for filing a reply expires, the court will determine whether an evidentiary hearing is necessary. If it appears that an evidentiary hearing is not required, the court will dispose of the petition as justice requires. *Cf.* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.*

Petitioner is instructed that when replying to Respondent's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondent's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *Cf.* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is specifically cautioned that if he fails to file a reply to Respondent's response within the time allowed by the court, the court thereafter will proceed to consider the merits of the petition.

Done this 25th day of October, 2007.

                /s/Terry F. Moorer
                TERRY F. MOORER
                UNITED STATES MAGISTRATE JUDGE