IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES OTIS CATER ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DARELENE DREW, Warden, ) <br> ) <br> FPC Montgomery, ) <br> Respondent. ) | Civil Action Number <br> 2:07cv-739-MEF |

PETITIONER'S REPLY TO RESPONDENT'S 18 U.S.C. § 3626
RESPONSE TO HIS PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

Now comes James Otis Cater, pro se litigant and files a reply to the Respondent's 18 U.S.C. § 3626 response to his previously filed 28 U.S.C. § 2241 petition for Writ of Habeas Corpus. And in support thereof, petitioner shows and alleges the following:

I. Petition

The petitioner has filed a pro se habeas petition pursuant to 28 U.S.C. § 2241, claiming the Bureau of Prison is holding in restraint of his liberties in violation of the Petite policy; alternatively arguing that the Federal Bureau of Prisons has incorrectly calculated his sentence pursuant to the requirements of 18 U.S.C. § 3585.

II. Parties

a) Petitioner

The pro se petitioner, James Otis Cater, federal register number 04999-003, is currently incarcerated at the Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama, he has never

been an inmate at Talladega, Alabama, he has never been an inmate at Federal Correctional Institution in Talladega Alabama. The Petitioner is serving a 240 term of imprisonment, followed by 5-years supervised release for Conspiracy To Possess With Intent To Distribute Cocaine in violation of 21 U.S.C. § 846. Petitioner was sentenced in the U.S. District Court, Southern District of Alabama in case number 92-00133. The petitioner has projected release date of Nov. 12, 2010, via good conduct time release.

### III Complaint

Inmate, James Otis Cater is entitled credit toward his current federal sentence in the amount of approximately 18-months for time served in ("official dention") state prison from December 16, 1991, to June 14, 1993. Petitioner's also claim the U.S. Attorney General before initiating the prosecution in case number 92-00133 against him in violation of its Petite policy.

(a) "Cater has raised this issue in previous cases," all of which is true. But on the other hand, he has never received a merits adjudication on the issue. According to the respondent: "he has filed two previous cases in the Middle District of Alabama..." The respondent erroneously asserts, "This issue is currently pending review in <u>Cater v. Federal Prison Camp, Maxwell Air Force Base</u>, 1:06-cv-270. This case is currently open."  <u>Not True</u>. On May 8, 2006, the Court issued an order dismissing civil number 06-0279-CB, which was filed in the U.S. District Court for the Southern District of Alabama following the Middle District denial Cater's earlier 2241 action which was not adjudicated on the merits in <u>Cater v. Griffin</u>, 2:06-697.

The claim Cater raises "the U.S. Attorney for the Southern District of Alabama failure to obtain prior approval from the Assistant Attorney General before initiating the federal prosecution in case number 92-00133 against him following a state prosecution with respect to the same act or eoisode " is ripe for review in the present court. Moreover, petitioner has made several attempts to acquire a merits adjudication not only on this issue, he has made several attempts, in wake of "newly discovered evidence," the constitutionally ineffectiveness of his trial counsel resulting from counsel actively representing a conflict of interest through the trial/sentencing proceedings in case number 92-00133, all within meaning of newly discovered evidence, including the issue(s) current before the Court.

It appears that the respondents, in the instant proceedings omitted a number **V**, and continued at number **VI**.

. Facts

"In response to this petition, Inmate Cater's sentencing file was audited by Forest B. Kelly, Correspondence Specialist at the Federal Bureau of Prisons Designation and Computation Sentence Center." Petitioner will focus first on the factual inaccuracies contained in Mr. Kelly's "Declaration".

(1) "December 11, 1990, Cater was sentenced..." <u>Inaccuriate</u>. Cater was sentenced in September 1990, in the Morgan County Circuit Court in case number CC88-038.

(2) "... to a 3-year state term of confindment..." <u>Not True</u>. Cater was sentenced to 5-year term of confinement. And

- 3 -

(3) "On September 25, 1993, Cater release from the 5-year state term of imprisonment ... He was transferred to BOP custody on October 20, 1993," although irrelevant, but at the same time this inaccurate statement may also be misleading. This statement tends to indicate, although Cater was released from state custody on September 25, 1993, he was not received in federal custody until October 20, 1993, which is clearly inaccurate as a matter of fact. (See Respondent's Attachment 8). The minute Cater was released from state custody September 25, 1993, he was immediately placed in federal custody at that time.

## VI. Administrative Remedies

The Petitioner has exhausted his administrative remedies.

## VII. Legal Argument

1. The Petitioner Is Entitled To Credit Against His Federal Sentence. The respondent refer to 18 U.S.C. § 3585(b). In specific § 3585(b)(2) to support the erroneous proposition that the 18 or 19 months credit in which petitioner seeks has some how **been credited against another sentence."** For the respondent to assume that position, then the Court is urged to review Petitioner's initial claim that "the initiation of the federal prosecution in case number 92-00133 against him absent the approval of the Assistant Attorney General violated its Petite policy. In the case Petite v. United States, 361 U.S. 529 (1960), Warren, Ch. J., concurring in the judgment,discussing the circumstances under which the exercise of the Court's power to grant a motion "of this kind." Id. Brennan, J., with the concurrence of Black and Douglas, JJ., expressed the view that the judgment below should be reversed

on the merits, because **the double jeopardy clause of the Fifth Amendment barred the second prosecution.**

As a result of the U.S. Attorney's office in case number 92-00133 act and/or omission, petitioner is currently caught between a "rock and a constitutional hard place." In the instant case, the sentencing court made it clear, petitoner's state case is related to the current federal case. (See ex. C, in original pet.). Petitioner's prior state offense, and his subsequent federal offense are in fact the same offense. The Government's motion to dismiss in the <u>Petite</u> case, "was rested on the ground that it is the general policy of the government that several offenses arising out of a single transaction should be alleged and tried together and **should not be made the basis of multiple prosecutions.** <u>Id.</u> Moreover, had both the unlawful possession of cocaine, which was the subject of the state prosecution, been prosecuted together in the latter federal court for conspiracy to possess with intent to distribute cocaine, petitioner would have received the benefit of a concurrent sentence.

Multiplicity refers to multiple counts of an indictment which cover the same behavior. <u>U.S. v. Johnson</u>, 130 F.3d at 1424. Although, multiplicity is not fatal to an indictment, id, (internal quotation marks omitted), multiplicitous counts which result in multiplicitous convictions are considered "improper because **they allow for multiple punishment for a single act."** <u>U.S. v. Jinkins</u> 313 F.3d at 557. **Multiplicitous sentences violate Double Jeopardy Clause."** <u>U.S. v. Morris</u>, 247 F.3d at 1083 n. 2.

The petitioner adhere to the fact, that the Petite policy "is merely a housekeeping provision of the Dept. of Justice, that

- 5 -

at most, serves as a guide for the use of the Attorney General and the United States Attorneys in the field, and thus does not confer any enforceable right upon criminal defendants; e.g. U.S. v. Jackson, 327 F.3d at 295. Mr. Justice **Brennan**, with whom Mr. Justice **Black** and Mr. Justice **Douglas** join, in relevant part state:

> "... I do not see how our duty can be fully performed in this case if our action stops with simply giving effect to a "policy" of the Government  a policy whose only written expression does not even cover the case at bar. Even where the Government confesses error, this Court examines the case on the merits itself Young v. U.S., 315 U.S. 257, 258, 259, and one would not have thought our duty less in this case  particularly where **the Government has reserved the right to apply or not apply its "policy" in its discretion.**
>
> Presumably this reservation would apply to cases at the appellate level as well. '[T]he proper administration of the criminal law cannot be left merely to the stipulation of parties.' Id. 315 U.S. at 259. I believe **that the Double Jeopardy Clause of the Fifth Amendment an insurmountable barrier to this prosecution.** My reasons for supporting this view have been detailed in my separate opinion in Abbate v. U.S., 359 U.S. 187. On this basis I agree that the judgment of the Coat of Appeals is not to stand; but I would reverse it on the merits. Id. at 361 U.S. 533.

For the reasons noted above, the Court should conclude that the federal prosecution violates the Double Jeopardy Clause of the Fifth Amendment, regardless of the fact that the Petite policy "does not confer any enforceable right upon criminal defendants".

Alternatively, our Eleventh Circuit Court of Appeals has already decided the same exact issue in the case <u>United States v. James H. Baisden</u>, No. 98-8010 (11th Cir. August 17, 1999). In the case of <u>James H. Baisden</u>, he had completed a 5-year sentence in the Georgia state system when he was subsequently, prosecuted in the federal court for conspiracy to possess with intent to distribute cocaine, which was related to the very same substantive

offense which was the subject of the previous state prosecution. On remand for resentencing, the Eleventh Circuit advised the district court of its authority to order a sentence below a mandatory minimum sentence. See 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0 policy statement; United States v. Rodriguez, 64 F.3d 638, 641 (11th Cir. 1995) (there is no provision in the Guidelines that forbid, encourages, or discourages departure for discharged sentenced. The Sentencing Commission __ by specifying "indischarged" sentences in section 5G1.3 __meant to exclude credit for discharged sentences. The Sentencing Commission may never have considered that a defendant would already have completed a sentence for the same conduct underlying his conviction prior to sentencing. United States v. Hagan, 139 F.3d 641, 657 (8th Cir. 1998).

A federal defendant in the middle of a nine-month state sentence should receive credit against his federal sentence for all nine-months (in the form of federal sentence reduced by the time served in state prison and served concurrently with the remaining state sentence).(See 5G1.3 application note 2); see also United States v. Blackwell, 49 F.3d 1232, 1242 n. 20 (7th Cir. 1995)(suggesting that such distinction lacks a rational basis).

The general instruction accompanying application Note 2. To "adjust the sentence for any period of imprisonment already served does not say or explain why defendants with discharged and undischarged sentences should be treated differently. No reason to distinguish between discharged and undischarged sentences is

suggested by the purpose of section 5G1.3 to provide a sentence that "appropriate[s] the total penalty that would have been imposed **had the sentence for the different offense[s] been imposed at the same time** (i.e., had all of the offense[s] been prosecuted in a single proceeding. White v. United States, 515 U.S. 389, 404-05 (1995)(discussing 5G1.3 in double jeopardy cases).

A goal of the Sentencing Guideline is to reduce unwarranted sentence disparities. Blackwell 49 F.3d at 142; United States v. Hadaway, 998 F.2d 917,920 (11th Cir. 1993). Given credit to defendants with undischarged sentences, but not discharged sentences, is contrary to this goal because defendants who commit identical crimes can receive different sentences depending on the date federal prosecution begins.

Considering the structure and theory of both relevant guidelines and the guidelines taken as a whole the Court, in the present case should conclude that Cater's discharged sentence takes the case "out of the Guideline's heartland": the heartland cases are the "discharged sentence" cases. The Court, keeping in the spirit of 5G1.3; United States v. Baisden; and United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994) issue and order directing BOP official, the respondent to grant Petitioner the relief sought pursuant to the proper interpretation of 18 U.S.C. § 3585.

Date: Nov. 13, 2007

Respectfully submitted

James Otis Cater 04999-003

CERTIFICATE OF SERVICE

I hereby certify, one true and correct copy of the foregoing was sent via U.S. mail to the respondent on this <u>13th</u> day of November, 2007.

*James Otis Cater*
James Otis Cater
Reg. No. 04999-003
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

AUSA, Randolph Neeley
United States Attorney's Office
P.O. Box 197
Montgomery, Al 36101-0197

- 9 -

James Otis Cater # 04999-003
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112



Office of the Clerk
United States District Court for the
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101