IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES OTIS CATER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:07cv739-MEF |
| ) | (WO) |
| DARLENE DREW, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner, James Otis Cater ("Cater"), a federal inmate acting pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent has filed an answer. For the reasons that follow, the court concludes that habeas relief should be denied.

**I. BACKGROUND**

In September 1990, in the Circuit Court of Morgan County, Alabama, Cater pled guilty to unlawful possession of cocaine in violation of Ala. Code § 13A-12-212. On December 11, 1990, the trial court sentenced Cater to five years in state prison. Cater began serving the sentence on December 16, 1991, when he was committed to the Alabama Department of Corrections ("ADOC").

In August 1992, a federal grand jury in the Southern District of Alabama indicted Cater on charges of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. The federal charges arose from acts related to the basis of Cater's state court

conviction. A writ of habeas corpus ad prosequendum was issued for Cater to appear and answer the federal charges, and he was taken into temporary federal custody on December 8, 1992. A jury found Cater guilty as charged, and on June 15, 1993, the United States District Court for the Southern District of Alabama sentenced him to a 300 months in federal prison. Because of a change in the sentencing guidelines, the court later reduced Cater's sentence to 240 months.

Cater remained in the physical custody of federal authorities until July 1, 1993, when he was returned to state custody and the ADOC. On September 24, 1993, Cater completed his state sentence, and he was released to the custody of United States Marshals on September 25, 1993. He was transferred to a Federal Bureau of Prisons ("BOP") facility on October 20, 1993.

On April 10, 2001, in accordance with Program Statement 5160.05 of the Sentence Computation Manual, the BOP issued a nunc pro tunc designation calculating Cater's federal sentence as having commenced on June 15, 1993, the date it was imposed. This effectively granted Cater credit against his federal sentence for time he spent incarcerated in an ADOC facility from June 15, 1993, through September 24, 1993. Cater received credit against his state sentence for time he spent serving the state sentence from December 16, 1991, through June 14, 1993.

On August 15, 2007, Cater filed the instant petition for habeas corpus relief pursuant

to 28 U.S.C. § 2241.[1]  (Doc. No. 1.)  In his petition, Cater claims (1) that he is entitled to credit against his federal sentence for approximately 18 months he was in state custody (from December 16, 1991, to June 14, 1993) and (2) that his federal drug conviction violates principles of double jeopardy and is void because the federal prosecutor for the Southern District of Alabama failed to obtain the requisite approval from the United States Department of Justice before filing a federal prosecution based on acts made the subject of a prior state prosecution.

The respondent has filed an answer asserting (1) that Cater is not entitled to additional credit against his federal sentence because the BOP has credited him with all the time to which he is entitled and (2) that, to the extent Cater challenges the validity of his federal conviction, his claims are not cognizable in a § 2241 habeas petition and duplicate claims he presented in prior habeas proceedings wherein the courts determined he was not entitled to any relief.

## II.  DISCUSSION

### A.  *Credit Against Federal Sentence for Time Spent in State Custody*

Cater contends he is entitled to credit against his federal sentence for time he spent in state custody from December 16, 1991, to June 14, 1993.  (*Habeas Petition*, Doc. No. 1

---

[1] Although Cater's petition was date-stamped "received" in this court on August 17, 2007, it was signed by Cater on August 15, 2007.  Under the "mailbox rule," a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the day it is signed by the inmate.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

3

at pp. 1-7; *see also* Doc. No. 14 at pp. 6-8.) He maintains he is entitled to this credit because his federal conviction arose from acts related to the basis of his state court conviction and because his federal sentence was to run concurrently with his state sentence. (*Id.*)

The United States Attorney General, acting through the BOP, is responsible for computing the amount of credit due for the time served by a defendant prior to sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see* 18 U.S.C. § 3621. Program Statement 5880.28 "transmits the 'Sentence Computation Manual' which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code." Program Statement 5880.28, ¶ 1. This Program Statement provides that 18 U.S.C. § 3585(a) establishes the rule for the commencement of a sentence. It also provides that 18 U.S.C. § 3585(b), which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act. *See* Program Statement 5880.28, pp. 1-14.

Title 18 U.S.C. § 3585 provides:

> Calculation of a term of imprisonment.
>
> (a) Commencement of sentence.– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

4

>>(1) as a result of the offense for which the sentence was imposed; or
>
>>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

18 U.S.C. § 3585.

In determining the proper credit, a two part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); *see also* Program Statement 5880.28, pp. 1-13 (stating that federal sentence of imprisonment cannot commence earlier than date on which it is imposed). In the instant case, Cater's federal sentence commenced on June 15, 1993, the date it was imposed. *See* 28 U.S.C. § 3585(a).

Next, it must be determined what credit is due for time served by Cater prior to the commencement of his federal sentence. The court must begin with the plain language of the statute itself. *See Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998). Section 3585(b) states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence. *See* 18 U.S.C. § 3585(b). In enacting this provision, "Congress made clear that a defendant could not

receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Cater wishes to receive credit against his federal sentence for time he spent in state custody from December 16, 1991, to June 14, 1993. However, all of the time for which Cater is currently seeking credit was credited against his state sentence. Cater is not entitled to receive any additional credit against his federal sentence, for so doing would result in his receipt of "double credit." *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337. *See also Azure v. Gallegos*, 97 Fed.Appx. 240 (10th Cir. Mar. 26, 2004) (pursuant to 18 U.S.C. § 3585(b), no relief in habeas corpus to afford petitioner credit against his federal sentence for time spent in custody prior to his federal sentencing, where federal and state sentences were concurrent from date of petitioner's federal sentencing and time spent in custody prior to federal sentencing was credited toward petitioner's state sentence); *Cathcart v. United States Bureau of Prisons,* No. 99-6424, 2000 WL 554547, at *2 (10th Cir. May 4, 2000) (affirming dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence); *Torres v. Brooks*, No. 99-1321, 2000 WL 158963 (10th Cir. Feb. 15, 2000) (petitioner not entitled to credit for time spent in state custody prior to commencement of his federal sentence notwithstanding statement by federal district judge at sentencing that petitioner should be credited for those days; § 3585(b) prohibits such double credit).

For the reasons indicated above, Cater is not entitled to any habeas relief based on this

claim.

### B.  *Challenge to Federal Conviction*

Cater contends that his 1993 federal drug conviction in the United States District Court for Southern District of Alabama violates principles of double jeopardy and is void because the federal prosecutor for the Southern District failed to obtain approval from the Department of Justice before filing a federal prosecution based on acts made the subject of a prior state prosecution.  (*Habeas Petition*, Doc. No. 1 at pp. 1-7; see also Doc. No. 14 at pp. 4-8).

Court records establish that this is the latest of several challenges by Cater to the 1993 drug conviction entered by the federal district court in Alabama's Southern District.  Cater's prior challenges include two motions under 28 U.S.C. § 2255, a motion for new trial, a motion to correct sentence, and two petitions for writ of error coram nobis.  *See United States v. Cater*, Criminal Case No. 1:92cr133 (S.D. Ala.); *see also Cater v. Griffin*, Civil Action No. 1:05cv551-CB (S.D. Ala. 2005).  In addition, Cater filed a previous petition under 28 U.S.C. § 2241 with this court, wherein he presented the same challenge to the 1993 conviction asserted in his instant petition.  *See Cater v. Griffin*, Civil Action No. 2:06cv697-WKW (M.D. Ala. 2006).

As this court has previously recognized, Cater's attack on the validity of the conviction imposed upon him in 1993 by the United States District Court for the Southern District of Alabama presents a claim for which 28 U.S.C. § 2255 is the exclusive remedy,

7

unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *See Cater v. Griffin*, Civil Action No. 2:06cv697-WKW (M.D. Ala. 2006) (Doc. No. 4); 28 U.S.C. § 2255. It is apparent that Cater challenges his conviction through a § 2241 petition in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[2] However, under no circumstances can this court allow Cater's circumvention of the procedural gatekeeping provisions contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"); Title 28 § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive. Thus, under the circumstances of this case, Cater cannot proceed on his claim in a § 2241 petition.

The § 2241 petition and supporting arguments demonstrate that Cater's challenge to his 1993 federal conviction would be barred from review in a § 2255 motion before the United States District Court for the Southern District of Alabama by the AEDPA's gatekeeping provisions on untimely and successive petitions. The inadequate and ineffective "savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

8

the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Cater does not meet the prerequisites necessary to invoke application of the savings clause of § 2255. His claim is not premised upon a Supreme Court decision issued after his conviction which was made retroactively applicable to such conviction. Moreover, Cater has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Finally, relevant federal law did not foreclose Cater from presenting the claim now before this court at the time such claims otherwise should have been raised. Specifically, the pleadings filed herein establish that Cater had the requisite procedural opportunity to raise the instant habeas claim challenging the validity of his conviction and have such claim decided either at sentencing or on direct appeal. Cater also had the opportunity to present his claim in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. The claim pending before this court, therefore, fails to warrant relief under the

savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion.").

In light of the foregoing, the court concludes that Cater' claim challenging the validity

of his conviction is not cognizable in a 28 U.S.C. § 2241 petition.[3]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Cater be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 27, 2009**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

---

[3]Moreover, the claim is successive.  Successive § 2241 petitions are subject to dismissal in the district court because

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such determination has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  Cater's challenge to the validity of his 1993 federal conviction has previously been adjudicated by the court of conviction, the United States District Court for the Southern District of Alabama.  The challenge to his conviction presented in his current petition is therefore successive and is subject to dismissal on that basis.  *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

   Done this 14th day of April, 2009.


               /s/Terry F. Moorer
               TERRY F. MOORER
               UNITED STATES MAGISTRATE JUDGE